SPECIAL INDEMNITY FUND of the State of Oklahoma, Administered by the State Insurance Fund, Petitioner,

v.

Charley C. WILBANKS and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38456.

Supreme Court of Oklahoma.

June 9, 1959.

Mont R. Powell, Oklahoma City, Moraul Bosonetto, Sapulpa, for petitioner.

Harry Neuffer, Oklahoma City, Ted R. Fisher, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

Charley C. Wilbanks, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on October 7, 1957, he sustained an accidental injury arising out of and in the course of his employment while employed by Sooner Pipe and Supply Corporation. An award was entered for permanent total disability fixing the amount of disability due to the last accidental injury against the employer and directing payment of the balance by Special Indemnity Fund. This proceeding is by the Fund to review the award against it.

The record discloses that claimant was employed as a night watchman for the employer engaged in the transportation of oil field supplies. Claimant testified that on October 7, 1957, it was raining and slippery and as he attempted to get into a truck that was being used by the guards at the place of business he fell to the ground and injured his left leg, right leg and his back. While employed by the same employer claimant sustained an accidental injury January 21, 1954, when he injured both legs and his right hip. His left leg is artificial below the knee due to an operation follow-

ing this accidental injury. His right leg was fractured in five places. He settled on joint petition with the employer for 80 per cent permanent partial disability to the body as a whole. The right leg had healed and after two years he had returned to work as a night watchman which duties he was performing when he sustained his latter injury. Before his last injury in addition to his duties as a night watchman he cleaned, waxed and rubbed floors and washed woodwork and the walls and cleaned the warehouse building. He has done no work since his last injury.

Dr. F. filed a report in which it is stated that claimant had 80 per cent permanent partial disability to the body as a whole due to the former accidental injury; that claimant sustained a 10 per cent disability to the body as a whole due to the last injury. The doctor concludes:

"Inasmuch as this patient was a previously disabled person under the law, it is my opinion that there has been some increase in the disability to the body as a whole over and above these deductions permitted by law. It is my opinion that this increase is 25 per cent to the body as a whole, indicating that in my opinion, the patient is now totally and permanently disabled from the performance of ordinary manual labor from all causes."

Dr. W. filed a report in which he stated that claimant had been awarded 80 per cent permanently partially disabled by reason of the injury of January 21, 1954, and then stated:

"It is my opinion that the injuries sustained on October 7, 1957, to the left hip, left knee, right ankle, and lumbar back, has caused and resulted in 15 per cent permanent partial disability to the body as a whole, for the performance of ordinary manual labor.

"It is further my opinion that there has been an increase in the permanent disability to the body as a whole, by reason of the combination of both disabilities; and that such increase is 30

per cent to the body as a whole for the performance of ordinary manual labor.

"It is my opinion that this man is now permanently and totally disabled by reason of all of such injuries from performing ordinary manual labor."

Dr. M. filed a report in which it is stated that in his opinion as a result of the combination of the injuries of 1954 and 1957, and the material increase thereof, claimant has a 90 per cent permanent partial disability to the body as a whole for the performance of ordinary manual labor.

On July 18, 1958, the State Industrial Commission entered an award in part as follows:

"That on October 7, 1957, claimant herein was in the hazardous employment of respondent, Sooner Pipe and Supply Corporation, at a wage sufficient to entitle him to compensation for permanent disability at the rate of $30.00 per week, and that on that date sustained an accidental injury which resulted in 5 per cent permanent partial disability to his body as a whole, which was settled by joint petition settlement in the amount of $850.00; that he was a previously physically impaired person by reason of an injury on January 21, 1954, resulting in 80 per cent permanent partial disability to his body as a whole; that by reason of the disabilities set forth above, he is permanently and totally disabled for the performance of ordinary manual labor, and is therefore entitled to compensation in the amount of $15,000.00 less the sum of $850.00 which was paid as compensation for permanent partial disability for injury incurred October 7, 1957, and less the sum of $857.50 which was paid as compensation for temporary total disability as the result of said injury."

 Do the above findings of the trial commissioner fully comply with the conditions prerequisite to the entering of an award against the Special Indemnity Fund? In the case of Special Indemnity Fund v. Hunt, 200 Okl. 1, 190 P.2d 795, 797, we set forth in the body of the opinion the necessary conditions that must be found by the commission before an award against the Fund can be entered. We said:

"* * * As a necessary precedent to the application of the Special Indemnity Fund Act [85 O.S.1951 § 171 et seq.] and the entry of an award thereunder by the Commission, it must be shown that the claimant is a 'physically impaired person' as defined in the Act; that he suffered a subsequent compensable injury under the Workmen's Compensation Law which resulted in additional permanent disability; that the disability resulting from the subsequent injury is combinable with the disability theretofore existing by reason of previous impairment; that the combination of both disabilities, the old and the new, is materially greater than that which would have resulted from the subsequent injury standing alone."

The findings of the trial Commissioner do not include a finding that the disability resulting from the subsequent injury is combinable with the disability theretofore existing by reason of previous impairment, nor do they include a finding that the combination of both disabilities, the old and the new, is materially greater than that which would have resulted from the subsequent injury standing alone.

Quoting further from the above case we said:

"The foregoing prerequisite conditions on which the applicability of the Special Indemnity Fund Act rests are jurisdictional. In the absence of proof of their existence, the Commission is without power or authority to enter any award under the Act. The Industrial Commission, being an administrative fact-finding board with certain judicial powers, is a quasi judicial body. But, unlike courts of record, *it must not only determine its jurisdiction but must show the existence of its jurisdiction of record, so, therefore, it is not sufficient that the evidence*

*show the existence of the foregoing prerequisites* to the authority of the Commission to enter an award against the Fund. *These facts must be found by the Commission and shown of record."*

The trial commissioner having failed to make all the findings necessary before an award could be entered against the Special Indemnity Fund, the cause is reversed and remanded for further proceedings consistent with the view herein expressed.