UTAH CONSTRUCTION COMPANY and
Employers Mutuals of Wausau,
Plaintiffs,

v.

Cleon J. MATHESON and the Industrial
Commission of Utah, Defendants.

No. 13776.

Supreme Court of Utah.

April 21, 1975.

Frank J. Allen, of Clyde & Pratt, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Salt Lake City, Robert L. Gardner, Cedar City, for defendants.

CROCKETT, Justice:

Plaintiff Utah Construction Company (and its insurer) challenges an order of the Industrial Commission that it pay for a wheelchair and other medical equipment and therapy for defendant Cleon J. Matheson who had suffered a total disability injury in plaintiff's employment twelve years earlier, on October 15, 1962, when he suffered an injury to his head while working on a roll crusher in plaintiff's mining operation. Notwithstanding echoes of doubt in plaintiff's argument herein, the question of causation in employment was determined at that time; and inasmuch as there was no appeal, that question is not involved here.

In attacking the order plaintiffs point out that they have now paid a total of $15,415 in disability compensation; and have also paid a total of $21,984.09 in medical expenses; and they argue that they have no obligation to pay medical expenses beyond the limit specified in the statute quoted below, unless and until the

Commission has conducted an investigation and fixed an appropriate higher and definite limit.

The statute on which plaintiffs place reliance is Section 35-1-81, U.C.A.1953,[1] as it read at the time of the accident:

Awards—Medical, nursing, hospital and burial expenses—Artificial limb or eye—Artificial appliances.—In addition to the compensation provided for in this title the employer or insurance carrier . . . shall *in ordinary cases* also be required to pay such a reasonable sum for medical, nurse and hospital services, and for medicines, and for such artificial means and appliances as may be necessary to treat the patient *as in the judgment of the industrial commission may be just, not exceeding the sum of $1,283.38,* provided that if upon application to and investigation by the industrial commission it shall find that *in particular cases* such an amount is insufficient, it shall determine and fix such *a reasonable amount* as under all the circumstances *may be fair and just.* [Emphasis added.]

We agree with plaintiff's argument that the obligation to pay compensation is governed by the law at the *time the injury occurred.* The providing of workmen's compensation protection is in the nature of an insurance contract. It should be appreciated that the premiums charged therefor are established on the basis of exposure to risk involved. When an injury occurs and the award is made the rights become fixed; and an amendment or change in the statute cannot properly be regarded as changing the obligation of the contract.[2]

We have heretofore dealt with the problem as to the statute of limitations on such medical expenses. In the case of Kennecott v. Anderson[3] we indicated that under the wording of our statutes, where it is apparent that future medical expenses will be necessary, they are not subject to the same statute of limitations as the compensation benefits. But that case was concerned with limitation as to the filing, whereas here we are concerned with the amount and the continuance of such an award. We think there is merit to the contention of the plaintiffs that the order to pay for all necessary expenses should not be a blank check by which an employee can continue indefinitely to obtain any medical services or equipment anyone will furnish him, without let or hindrance as to the reasonableness or necessity or expense of the treatments as related to his industrial injury.[4]

In dealing with situations of this kind, the legislature was obliged to consider, in relationship to the purposes of the act, the propriety of requiring industry (employers) to bear the burdens of medical expenses resulting from injuries to employees in ordinary cases where the nature of the injury and the resulting disability can usually be determined with reasonable certainty; and also to consider the more rare occurrence, where the extent of injury and disability and/or the duration and final result is more difficult to determine. The statute reflects an effort to reach some fair and reasonable balancing between the two interests: on the one hand, affording fair and reasonable coverage to the injured employee; and the other, the fairness and practicality of imposing extensive, sometimes uncertain, and long continuing burdens on employers.

It will be noted that in order to serve the objective just stated this statute leaves neither party at the mercy of the other. It places the definite limitation of $1,283.38 as the maximum award for any "ordinary" case which in any usual case should be given effect and adhered to. But for the un-

---

1. Section 35-1-81 was amended by Chapter 76, Section 10, S.L.U.1971, to delete that portion of the statute providing for the $1,283.-38 limitation.

2. 73 Am.Jur.2d 506, Statutes, Sec. 385.

3. .30 Utah 2d 102, 514 P.2d 217.

4. See discussion in Carbon Fuel Co. v. Ind. Comm., 81 Utah 156, 17 P.2d 215.

usual case, such as the instant one appears to be, there is the further provision of the statute which vests the Commission with continuing supervision and control, which can be invoked as either party may find it necessary, to make determinations as to the causal relationship, necessity, reasonableness and justice of any such extended award. But such supplemental procedure must be grounded upon compliance with the statute that "upon application to and investigation by the industrial commission it shall find that in particular cases such an amount is insufficient, . . ." then the Commission "shall determine and fix such a reasonable amount as under all the circumstances may be fair and just."[5] In this connection, it is also appropriate to observe that, notwithstanding the desirability of making the award as definite as reasonably can be done, the statute should not be construed as imposing upon the Commission the duty of being a prophet and foreseeing the future course of an injury, and the possible recovery therefrom, with any greater degree of definiteness than the medical evidence will justify.

 We revert to the question: Whether the proceedings and the order appealed from satisfy the requirements of the statute as discussed herein. An important fact to note is that during the discussion at the hearing plaintiff's counsel stated: "I do not believe a hearing is necessary . . . but . . . the applicant should establish, at least by certification of his physician, that any treatment he has received and medication he is taking are in fact related to his industrial injury." In an effort to satisfy that requirement the information was supplied and the fact so affirmed by the affidavit of A. Lamar Graff, M.D., who had treated the applicant for over eleven years.

In corroboration thereof and in support of the propriety of the expenditures documentary evidence was presented. In addition to the foregoing, it can fairly be said that upon the representations made at the hearing, the matter was presented without any substantial dispute as to facts; and that plaintiff's counsel indicated that what he wanted was a ruling on this proposition: that under the provisions of Section 35–1–81 the employer is entitled to some limitations upon and definiteness of amount of medical expense.

On the basis of our discussion herein: it is our conclusion that insofar as the adjudication upon the present and immediate medical needs of the applicant have been adjudicated in the order, it is affirmed; but that as to the future, any such further expenses should be subject to the supervision and control of the Commission, upon proper application, investigation and determination to such degree of definiteness as can reasonably be achieved, in conformity with Section 35–1–81, as discussed in this opinion. No costs awarded.

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

---

5. Part of Section 35–1–81, U.C.A.1953, quoted above.