John M. McPHIE, Plaintiff,

v.

UNITED STATES STEEL CORPORATION
and the Industrial Commission of
Utah, Defendants.

No. 14364.

Supreme Court of Utah.

June 22, 1976.

A. Wally Sandack of Sandack & Sandack, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Erie V. Boorman of Parson, Behle & Latimer, Salt Lake City, for defendants.

TUCKETT, Justice:

Certiorari to the Industrial Commission of Utah to review a final order denying the plaintiff workmen's compensation benefits under the statutory combined special injury fund. After a hearing the Commission found that the plaintiff has a 100 per cent permanent impairment of his body and mind resulting from all causes and conditions, including a 15 percent permanent partial loss of body function resulting from injuries sustained by the plaintiff in an industrial accident during the course of his employment at the Geneva Steel Plant on July 23, 1972. The Commission ruled that the plaintiff's 15 per cent disability does not entitle him to be paid benefits from the combined special injury fund. The plaintiff is here seeking a review of the findings and order of the Commission.

Plaintiff was employed by the United States Steel Corporation at its Geneva Plant in the capacity as locomotive engineer since 1946. On January 24, 1966, the plaintiff was operating a locomotive when it collided with the yard engine being operated by another employee. The plaintiff's head struck the window frame of the locomotive and he thereafter experienced stiffness and discomfort in his back and neck. The plaintiff was treated at the company dispensary on January 31, and he received several treatments thereafter. The plaintiff's condition progressively worsened, and on August 31, 1971, a spinal fusion was performed on the cervical level of his spine. The plaintiff improved and was released to return to work on February 15, 1972. The plaintiff continued working as a locomotive engineer until July 23, 1972, when he suffered further injuries from a second industrial accident. Thereafter the plaintiff suffered severe and chronic pain in the right occipital area of the skull and in the right dorsal portion of the neck, as well as the right scapular portion of the back, the right arm, and the wrist. The plaintiff worked a full day on August 2, 1972, but since has been unable to return to work for the company. Plaintiff's condition worsened and he suffered episodes of tremulousness, functional and personality disorders, he wore a cervical collar, used a cane, and had a Parkinson-type tremor in the right hand. Subsequently the plaintiff was returned to the hospital for further treatment, and on May 21, 1973, a spinal cervical fusion was performed.

Plaintiff made application for benefits and his case was referred to a medical panel. As a result of the panel's evaluation the Commission found that the plaintiff has a 100 per cent permanent impairment of his body and mind resulting from all causes and conditions. The Commission further found that 15 per cent permanent partial loss of body function was attributable to the injuries sustained by the plaintiff in the accident of July 23, 1972. The Commission determined that the United States Steel Corporation was liable for the 15 per cent permanent loss of body function, but the Commission failed to find, conclude or to hold that the special fund provided for in Sections 35–1–68 and 35–1–69, U.C.A.1953, as amended, should be required to pay benefits. The pertinent part of Section 35–1–69 reads as follows:

> If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, compensation and medical care, which medical care and other related items are outlined in section 35–1–81, shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation and medical care shall be for the industrial injury only and the remainder shall be paid out of the special fund provided for in section 35–1–68(1) hereinafter referred to as the "special fund."

One of the purposes of the statute above referred to was to encourage employers to hire handicapped workers by requiring the special fund to assume responsibility should the employee receive an industrial injury from which he might become totally disabled from further employment. The sec-

ond purpose was to establish a broader base of responsibility for preexisting conditions.

The Commission has not established a guideline but tends to decide these matters upon a case-to-case basis and in doing so seems to have adopted as a rule in this case a percentage basis for determining an apportionment between the employer and the special fund. In doing so it appears that the Commission followed a California statute which does in fact set out a percentage formula for determining responsibility and entitlement. The Utah statute does not establish a similar statutory formula.

The Utah statute uses the language "any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the preexisting incapacity . . . ." In this case the plaintiff was able to return to his regular employment but thereafter became totally unable to work. It is unrealistic to say that his resulting incapacity is not substantially greater. We are of the opinion that the Commission exceeded its authority in adopting as a basis of its ruling a formula which was not authorized by the statute.[1] The decision of the Commission insofar as it pertains to the special fund is set aside and the matter remanded to the Commission to make new findings. No costs awarded.

HENRIOD, C. J., and MAUGHAN, J., concur.

ELLETT, Justice (concurring in the result).

I concur in reversing the order and remanding for further proceedings. The Industrial Commission made no finding as to

1. *Special Indemnity Fund v. Wilbanks,* 340 P.2d 469 (Okla.); *Special Injury Fund v. Simpson,* 349 P.2d 635 (Okla.); *Subsequent Injuries Fund v. Ind. Acc. Com.,* 348 P.2d 193 (Okla.); Larson, Workman's Compensation, Sec. 95.31.

whether or not the 15 per cent disability incurred in the last accident was substantially greater than it would have been had there been no prior injury, disease, or congenital causes. I think that determination must be made before it can be determined whether or not the plaintiff herein will be entitled to benefits from the combined special injury fund.

CROCKETT, J., concurs in the views expressed in the concurring opinion of ELLETT, J.