**INTERMOUNTAIN HEALTH CARE, INC., a Utah Corporation, dba LDS Hospital, Plaintiff,**

v.

**Mary Jean ORTEGA and Industrial Commission of Utah, Defendants.**

**No. 14690.**

Supreme Court of Utah.

March 25, 1977.

11. 100 Utah 523, 116 P.2d 766 (1941).

Joseph C. Rust and David A. Westerby of Kirton, McConkie, Boyer & Boyle, Salt Lake City, for plaintiff.

Robert W. Brandt, Vernon B. Romney, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Justice:

Intermountain Health Care, Inc. appeals from an order of the Industrial Commission awarding compensation to Mary Jean Ortega for disability resulting from straining her back while lifting laundry bags in plaintiff's LDS Hospital in Salt Lake City. Plaintiff contends: (1) that the Commission erred in refusing to allocate a portion of the award to a prior existing disability as provided for in Sec. 35–1–69, U.C.A.1953; (2) that "claimant is not entitled to temporary total disability payments during medical treatment"; and (3) that a definite limit should be set on the amount which the plaintiff will be expected to pay for medical expenses.

Mrs. Ortega's injury occurred on November 11, 1970. Due to the pain in her back, apparently followed and/or accompanied by psychosomatic pain, she was unable to continue work. She was not hospitalized until she went in for one week, January 14, 1971 to January 21, 1971. Her doctor released her for work on March 18, 1971, but medical treatment continued on a regular basis until she was discharged therefrom by her doctor

on June 29, 1971. Nevertheless, the evidence is that since that time she has continued to complain of pain as related to this back injury. She was hospitalized again from November 8, 1973 to November 11, 1973.

Based on a medical panel's report, the Commission found that the claimant was temporarily totally disabled from November 12, 1970 to February 11, 1971 and again from November 8, 1973 to November 11, 1973. The Commission awarded the claimant $559.54 in benefits for these two periods. The amount of this award is not challenged by the plaintiff.

The major difficulty in this case stems from the fact that the Commission found that the claimant had a pre-existing psychological condition relating to pain in her back, which combined with this accident resulted in permanent partial disability of 30 per cent, 10 per cent attributable to the pre-existing condition and the other 20 per cent to this accident. The claimant's testimony and the medical report provide support for that finding; and, since the latter also indicates that continued psychiatric treatment may lead to further significant improvement in the claimant's condition, the Commission reserved its final determination of the plaintiff's liability for total disability benefits until the treatment is completed.

In arguing that the Commission's order requiring the plaintiff to pay for all of the medical expenses up to now and for those that will be incurred in the future is unjust and not in conformity with the law, the plaintiff relies upon Section 35–1–69(1), U.C.A.1953, which states:

> If any employee who has previously incurred a permanent incapacity by accidental injury, disease or congenital causes, sustains an industrial injury . . . that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, *compensation and*

*medical care* . . . shall be awarded on the basis *of the combined injuries,* but the *liability of the employer* . . . shall be *for the industrial injury only and the remainder shall be paid out of the special fund* provided for in section 35–1–68. [Emphasis added.]

■ The position of the defendant as reflected in the Commission's order seems to be predicated on the assumption that because the pre-existing condition was quiescent and did not require medical treatment until the accident, the plaintiff employer should be held responsible for the entire expense thereof. But it will be noted that the statute makes no distinction between the award for compensation and medical expenses; and that if the requirement of the statute is met, that is, if the resulting permanent incapacity is substantially greater than if the pre-existing incapacity had not existed, the proportional causation must be found and that portion attributable to the previous condition paid out of the special fund.[1]

■ The requirement that the pre-existing condition combines with the later injury to cause a "substantially greater" permanent incapacity does not mean that the former must be greater than the latter. It simply means that it be some definite and measurable portion of the causation of the disability. It surely cannot be doubted that 30 per cent is substantially greater than 20 per cent, nor that 10 per cent disability is itself substantial in that it is definite and measurable. Consequently, inasmuch as it appears that the pre-existing condition increased the resulting disability by one third, it follows that under the requirements of the statute, the medical expenses as well as the compensation award should have been apportioned two thirds from the employer and one third from the special fund.

■ The plaintiff's assertion that "the claimant is not entitled to temporary total disability during medical treatment" is patently unsound. Such benefits are intended

---

1. See *McPhie v. U.S. Steel Corp.,* 551 P.2d 504 (Utah 1976), concurring opinion of Justice Ellett.

to compensate a workman during the period of healing and until he is able to return to work,[2] usually when released for that purpose by his doctor. We regret, but feel impelled to remark, that due to the unusual situation in this case there is a definite possibility of malingering because the claimant's inability to work is asymptomatic physically, and, though real to her, such pain and disability that exists is in her mind.[3] We observe that compensation is not necessarily awardable simply because it is desirable or advisable for her to continue psychiatric therapy, but it is properly awardable only during actual inability to work which is found to have been caused by and is properly attributable to the industrial accident. Under the circumstances here shown the Commission was justified in ordering that temporary total disability compensation continue during the time she is disabled and until she is released for work by her doctor.

■ We are not insensitive to plaintiff's apprehensions about what it terms a "blank check" award. There is no doubt but that such an uncertain situation as the Commission has found to exist here should be dealt with in the most satisfactory manner that can be achieved by making the award as definite as is reasonably possible.[4] The objective should be to reach some equitable and reasonable balancing between affording fair and proper coverage for an employee who suffers injury and has bonafide residual disability, as compared to the imposing of uncertain, and sometimes extensive and long continuing burdens upon the employer. Such safeguards as there are on both sides of this equation must be found in the prudence and good judgment of the Commission to do that which will comport with reason and justice.[5] Yet the Commission cannot be expected to assume the burden of prophesying about the future course of an injury and the degree of recovery therefrom with any greater degree of certainty than the medical evidence will justify.[6]

■ In order to accomplish the above stated objective, Sec. 35–1–78, U.C.A.1953, vests the Commission with continuing jurisdiction to modify its findings or orders with respect to each case. The medical report herein describes the nature and extent of the proposed treatment; and the Commission has ordered that the claimant's file be reviewed every thirty days and, that if the treating physician fails to file a report within that time, he is to be contacted to ascertain whether more treatment is anticipated and justified.

■ Inasmuch as the record indicates that the claimant's condition may improve with further treatment, the Commission did not exceed its authority nor abuse its discretion in providing that a final decision as to claimant's permanent partial disability be deferred until her condition is stabilized and there is thus a more solid foundation for such a determination.

On the basis of what has been said herein, the decision of the Commission, insofar as it does not require contribution from the special fund as provided in Sections 35–1–68

---

2. Larson, Workmen's Compensation Law, Section 57.10.

3. However, there is no doubt that such disorders would be an "injury, disease or congenital cause" within the meaning of Sec. 35–1–69. For two cases which apportioned liability between the employer and the special fund when a pre-existing psychiatric disorder was present, see *Subsequent Injuries Fund v. Industrial Accident Comm.*, 53 Cal.2d 392, 1 Cal.Rptr. 833, 348 P.2d 193 (1960) and *Ricky Coal Co. v. Adams*, 426 S.W.2d 464 (Ky.1968).

4. *Utah Const. Co. v. Matheson*, 534 P.2d 1238 (Utah 1975). We so state notwithstanding what was said in *Carbon Fuel Co. v. Industrial Comm.*, 81 Utah 156, 17 P.2d 215 (1932), cited by the plaintiff, which was decided before the 1971 Amendment described in footnote 5, below.

5. The 1971 Amendment, Ch. 76, Sec. 9, SLU 1971, deleted the definite limitation as to dollar amount and also the words ". . shall determine and fix such a reasonable amount" thus leaving it to the Commission to require payment of "such reasonable sum(s) as may be necessary . . . (and) . . . just . . . ."

6. Id., 534 P.2d at 1240.

and 69, U.C.A.1953, is reversed; and in all other respects, the decision is affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN and WILKINS, JJ., concur.

HALL, J., does not participate herein.