Patricia H. WHITE, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah, St. Benedict's Hospital, and Pacific Employer's Insurance Company, Defendants.

NEBO SCHOOL DISTRICT and State Insurance Fund, Plaintiffs,

v.

Joan CRAGUN and The Industrial Commission of Utah, Defendants.

The PARIS COMPANY and State Insurance Fund, Plaintiffs,

v.

The INDUSTRIAL COMMISSION of Utah and J. Brent Christenson, Defendants.

Nos. 15796, 15881 and 15882.

Supreme Court of Utah.

Nov. 28, 1979.

---

1. Utah, 584 P.2d 814 (1978).

Robert B. Hansen, Atty. Gen., and Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for Industrial Comm.

Robert J. Shaughnessy, Salt Lake City, for St. Benedict's and Pacific.

Ray E. Gammon, Provo, for Cragun.

Frank G. Noel, Salt Lake City, for Christenson.

WILKINS, Justice:

This is a review under § 35–1–83, Utah Code Ann., 1953, as amended, (Repl.Vol. 4B.)[1] "to have the lawfulness of" Commission awards to the three captioned Workmen's Compensation cases "inquired into and determined." The cases are consolidated because disposition depends in each case on judicial construction of § 35–1–69, which provides for payment of a portion of the employee's compensation and/or medical expenses, in certain cases, out of a special fund commonly known as the "second injury fund." The pertinent language of the section is:

> If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, compensation and medical care, which medical care and other related items are outlined in § 35–1–81, shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation and medical care shall be for the industrial injury only and the remainder shall be paid out of the special fund provided for in § 35–1–68(1) hereinafter referred to as the "special fund."

Frank S. Warner of Warner & Wikstrom, Ogden, for White.

James R. Black of Black & Moore, Salt Lake City, for Nebo, State Ins. and Paris Co.

In each of the consolidated cases, the employee had significant physical incapacity before he or she sustained the industrial injury for which the compensation award under review was granted. In each case a

---

1. All statutory references herein are to Utah Code Ann. 1953, as amended.

medical panel, appointed pursuant to § 35–1–77, evaluated the employee's post-injury permanent disability and specifically rated, in terms of percentage loss of function, the disability attributable to the industrial injury and the disability attributable to pre-injury factors.

In the *Christensen* case, the medical panel found the applicant was suffering from a ten percent permanent partial impairment, five percent of which predated the industrial injury and five percent followed that injury and was a result thereof. The medical panel also found that Christensen was totally disabled, temporarily, for a period of six months following his operation.

In the *Cragun* case, the medical panel found that the applicant was suffering from a twenty percent loss of body function, ten percent of which was attributable to the industrial injury and ten percent attributable to the previously existing incapacity.

In the *Christensen* and *Cragun* matters, the Commission ordered the employer (through its insurance carrier, the State Insurance Fund) to pay all medical expenses and all temporary total disability compensation, assigning only responsibility for fifty percent of the permanent disability compensation to the second injury fund in the *Christensen* case.

 We believe that the recently decided case by this Court, *Intermountain Health Care, Inc. v. Ortega*, Utah, 562 P.2d 617 (1977), is dispositive. Hence, in the *Christensen* case, the employer, Plaintiff Paris Co., is required to pay only for a five percent permanent partial disability compensation, for fifty percent of the temporary total disability compensation, and fifty percent of the medical expenses incurred. The second injury fund is responsible for the remaining amounts. In the *Cragun* case, the employer, Plaintiff Nebo School District, is responsible for only fifty percent of the future medical expenses, and fifty percent of the temporary total compensation; and the second injury fund is responsible for the remaining amounts.

 In the *White* case, the medical panel found the plaintiff to have total physical impairment of twenty percent, five percent of which was attributable to the industrial accident and fifteen percent to a previously existing impairment. The Commission thereupon awarded compensation of five percent to White for the industrial injury but failed to award any compensation for the pre-existing incapacity out of the second injury fund. White seeks reversal of this failure to award. Again, *Ortega, ante*, is dispositive as well as *McPhie v. United States Steel Corp.*, Utah, 551 P.2d 504 (1976). Hence, the award of five percent against Defendant St. Benedict's Hospital must be accompanied with a fifteen percent award against the second injury fund.

Reversed and remanded for action in accordance with this opinion. No costs awarded.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.