AMERICAN COAL CO., Emery Mining Corporation, and State Insurance Fund, Plaintiffs,

v.

Terry W. SANDSTROM, Industrial Commission of Utah, and Second Injury Fund, Defendants.

No. 19134.

Supreme Court of Utah.

May 1, 1984.

Fred Silvester, Salt Lake City, for plaintiffs.

Virginius Dabney, Gilbert Martinez, Frank V. Nelson, Salt Lake City, for defendants.

HALL, Chief Justice:

The plaintiffs, American Coal Co., Emery Mining Corporation and the State Insurance Fund, seek reversal of an Industrial Commission order awarding workmen's compensation benefits to Terry W. Sandstrom, but refusing reimbursement from the Second Injury Fund for medical benefits and temporary disability benefits paid by the Second Injury Fund to Sandstrom during the period of temporary disability.

Sandstrom sustained personal injury in four separate industrial accidents during the period between 1977 and 1981. The State Insurance Fund was the insurance carrier for each of Sandstrom's employers at the time of the accidents. As a result of the accidents, Sandstrom suffers from a total over-all impairment of 20% permanent partial disability of the whole man to his back and 10% permanent partial disability of the whole man to his neck. The parties stipulated that of the 20% loss of body function attributable to the back injuries, the subject matter of this appeal, 10% was attributable to the 1981 accident and 10% to pre-existing conditions resulting from the 1977 accident. Sandstrom did not seek or obtain compensation benefits for the injuries sustained in the 1977 accident.

The State Insurance Fund sought reimbursement from the Second Injury Fund for payments the State Insurance Fund had made for medical care and temporary total disability. The administrative law judge denied reimbursement, ruling that the 1981 amendments to U.C.A., 1953, § 35–1–69(1) required that payment of temporary total disability benefits and medical benefits to Sandstrom up until the date of his stabilization be the exclusive responsibility of the employer and its carrier.

Plaintiffs filed a motion for review with the Industrial Commission of Utah. Review was denied and the administrative law judge's findings and conclusions were affirmed in their entirety. Plaintiffs sought this writ of review, contending that the State Insurance Fund is entitled to reimbursement for 50% of the temporary total disability benefits.

Prior to 1981, this Court determined that, pursuant to the provisions of U.C.A., 1953, § 35–1–69(1), the Second Injury Fund was responsible, not only for the proportion of the permanent disability compensation attributable to the pre-existing condition, but also for its proportionate share of the medical expenses and the temporary total disability compensation.[1] The language of the statute interpreted in those cases remains virtually the same. However, in 1981, the legislature added two paragraphs to § 35–1–69(1). It is the interpretation of the second of these additional paragraphs in light of the previously interpreted and substantially unaltered language that is the subject matter of this appeal.

Section 35–1–69(1), as amended, reads as follows:

If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which either compensation *or* medical care, *or both,* is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, *or which aggravates or is aggravated by such pre-existing incapacity,* compensation, medical care, and other related items *as* outlined in section 35–1–81, shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation, medical care, *and other*

---

1. *Intermountain Smelting Corp. v. Capitano,* Utah, 610 P.2d 334 (1980); *White v. Industrial Comm'n,* Utah, 604 P.2d 478 (1979); *Intermountain Health Care, Inc. v. Ortega,* Utah, 562 P.2d 617 (1977); *see also United States Fidelity & Guar. Co. v. Industrial Comm'n,* Utah, 657 P.2d 764 (1983); *Paoli v. Cottonwood Hosp.,* Utah, 656 P.2d 420 (1982).

*related items* shall be for the industrial injury only and the remainder shall be paid out of the *second injury* fund provided for in section 35–1–68(1).

*For purposes of this section, (a) any aggravation of a pre-existing injury, disease, or congenital cause shall be deemed "substantially greater", and compensation, medical care, and other related items shall be awarded on the basis of the combined injuries as provided above; provided, however, that (b) where there is no such aggravation, no award for combined injuries shall be made unless the percentage of permanent physical impairment attributable to the industrial injury is 10% or greater and the percentage of permanent physical impairment resulting from all causes and conditions, including the industrial injury, is greater than 20%. Where the pre-existing incapacity referred to in subsection (1)(b) of this section previously has been compensated for, in whole or in part, as a permanent partial disability under this act or the Utah Occupational Disease Disability Law, such compensation shall be deducted from the liability assessed to the second injury fund under this paragraph.*

*Where the payment of temporary disability benefits, medical expenses, or other related items are required as a result of the industrial injury subject to this section, the employer or its insurance carrier shall be responsible for all such temporary benefits, medical care, or other related items up to the end of the period of temporary total disability resulting from the industrial injury. Any allocation of disability benefits, medical care, or other related items following such period shall be made between the employer or its insurer and the second injury fund as provided for herein, and any payments made by the employer or its insurance carrier in excess of its proportionate share shall be recoverable at the time of the award for combined disabilities if any is made hereunder.*

▆▆▆ This Court's primary responsibility in construing legislation is to give effect to the intent of the legislature.[2] Where the legislature amends a portion of a statute, leaving other portions unamended, or re-enacts a portion without change, absent substantial evidence to the contrary, the legislature is presumed to have been satisfied with prior judicial constructions of the unaltered portions of the statute and to have adopted those constructions as consistent with its own intent.[3]

▆▆ The first paragraph of amended § 35–1–69(1), with the exception of minor wording changes unrelated to this appeal, is virtually unchanged in substance from the pre-1981 statute. The plain meaning of this paragraph controls the interpretation of the remainder of § 35–1–69(1). After defining a pre-existing injury, the said first paragraph goes on to state that compensation will be awarded on the basis of the combined injuries, but that "the liability of the employer for such compensation, medical care, and other related items shall be for the industrial injury *only* and the remainder shall be paid out of the second injury fund . . . ." (Emphasis added.) This language makes it clear that the employer is not liable for expenses incurred that are not a result of the industrial injury, and this Court has previously so interpreted it.[4]

The Second Injury Fund relies entirely upon the first sentence of paragraph 3 for its interpretation that the Second Injury Fund is not liable for reimbursement for *any* temporary disability expenses. However, in light of the plain language of the first paragraph, the third paragraph cannot be interpreted as the Second Injury Fund suggests. Paragraph 3 clearly states that the employer and its insurance carrier are

---

**2.** *Christensen v. Industrial Comm'n,* Utah, 642 P.2d 755 (1982).

**3.** *Id.* at 756.

**4.** *Supra* n. 1.

liable for all temporary disability expenses up until the period of that disability ends:

> Where the payment of temporary disability benefits, medical expenses, or other related items are required as a result of the industrial injury subject to this section, the employer or its insurance carrier shall be responsible for all such temporary benefits, medical care, or other related items up to the end of the period of temporary total disability resulting from the industrial injury.

This provision guarantees that the injured party has his or her medical expenses paid and receives temporary disability benefits without delay.

> Paragraph 3 goes on, however, to say: Any allocation of disability benefits, medical care, or other related items following such a period shall be made between the employer or its insurer and the second injury fund as provided for herein, *and any payments made by the employer or its insurance carrier in excess of its proportionate share shall be recoverable at the time of the award for combined disabilities if any is made hereunder.* [Emphasis added.]

■ The third paragraph then, read in light of the first paragraph, provides that the insurance carrier, while initially responsible for all temporary disability benefits and expenses, must be reimbursed for that percentage of the temporary disability expenses attributable to the pre-existing disability once the determination of combined disability is made. Not only does this interpretation provide a consistent reading of all the language of the section, but it also meets the recognized statutory purpose, which is to encourage employers to hire disabled persons.[5] To make an employer and its insurance carrier not only initially, but also finally, liable for all temporary disability expenses, even though directly attributable to a pre-existing injury, would undeniably defeat this purpose.

Therefore, as this Court interprets § 35–1–69(1), as amended, the employer and its insurance carrier are responsible for paying all medical expenses and temporary disability benefits up until stabilization occurs. The Second Injury Fund, however, must reimburse the carrier for that percentage of temporary disability expenses attributable to the pre-existing disability once the determination of combined disability is made.

The Industrial Commission, in its brief, also claims that U.C.A., 1953, § 35–1–99, providing for a limitation of action, applies to the Second Injury Fund. The administrative law judge specifically held that this section of the statute has no applicability to the liability of the Second Injury Fund. In its answer to the plaintiff's motion for review of the administrative law judge's findings, conclusions and order, the Second Injury Fund did not raise this issue and asked the Commission to affirm the order in its entirety. The Commission denied the motion for review and affirmed the order.

■ On appeal, the Second Injury Fund does not raise the statute of limitations issue.[6] The Industrial Commission raises the issue for the first time in its brief. Statutes of limitation are not jurisdictional and can be waived.[7] The Industrial Commission, having adopted the findings, conclusions and order of the administrative law judge in their entirety, cannot now raise the limitation issue. Further, for a party to raise an issue before this Court requires a cross-appeal.[8] Therefore, the issue of the statute of limitations is not properly before this Court, and we therefore do not consider it.

The order of the Industrial Commission is reversed, and the case is remanded for

---

5. *David v. Industrial Comm'n,* Utah, 649 P.2d 82 (1982).

6. Two defendant's briefs were filed: one by the Second Injury Fund and one by the Attorney General's office on behalf of the Industrial Commission.

7. *Cf.* Utah R.Civ.P. 8(c).

8. *Cf. Cerritos Trucking Co. v. Utah Venture No. 1,* Utah, 645 P.2d 608 (1982); *see also* Utah R.Civ.P. 74(b).

further proceedings in accordance with this opinion.

DURHAM, J., and TIMOTHY R. HANSON, District Judge, concur.

STEWART, J., does not participate herein; HANSON, District Judge, sat.

HOWE, Justice (dissenting):

I dissent. I believe that § 35–1–69, as amended in 1981, can be read and construed so that there is no conflict between its paragraphs. The first paragraph, which is the original language of the section, simply provides in *general* terms that there shall be an apportionment between the employer or its insurer and The Second Injury Fund. Under this paragraph, we held in *Intermountain Health Care, Inc. v. Ortega,* Utah, 562 P.2d 617 (1977), that The Second Injury Fund was liable for a portion of the temporary total disability benefits and medical expenses incurred during that disability.

In an apparent effort to modify that ruling, the legislature in 1981 added paragraph three, which spelled out in *specific* terms how the cost of the benefits awarded to a worker should be apportioned. It broke the payment of benefits into two periods. The first period covers up to the end of the period of temporary total disability. It is dealt with in the first sentence, which provides that the employer or its insurance carrier shall be responsible (or liable) for the payment of temporary total disability benefits, medical expenses and other related items. No provision is made for any reimbursement.

The second period covers the time after the end of the period of temporary total disability. That period is dealt with in the second sentence of paragraph three. It is there provided that an allocation shall be made between the employer or its insurer and The Second Injury Fund for disability benefits and medical care paid during that period. Any excess paid by the employer or its insurer during this second period (presumably before the allocation is made)

is recoverable by them from The Second Injury Fund.

In so construing § 31–1–69, effect is given to both paragraphs one and three and we are not left to presume that the legislature engaged in a useless act in adding paragraph three to the section.

I would affirm the Industrial Commission.

OAKS, J., concurs in the dissenting opinion of HOWE, J.