Richard H. **SHEPHERD**, Petitioner,

v.

**DIVERSA–CYCLE PRODUCTS, INC.,** and/or Utah Industrial Commission and the Utah State Insurance Fund, Defendants.

No. 19100.

Supreme Court of Utah.

Sept. 5, 1986.

---

**1.** For the purpose of this case, we assume without deciding that defendant was entitled to assert the defense. *But see State v. Roybal,* 710

P.2d 168 (Utah 1985); U.C.A., 1953, § 76–2–306, as amended (1978 ed.).

Virginia Curtis Lee, Salt Lake City, for petitioner.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., James R. Black, Gilbert A. Martinez, Salt Lake City, for defendants.

HOWE, Justice:

In this review, Richard H. Shepherd seeks reversal of an Industrial Commission order denying him compensation from the Second Injury Fund for part of his prior disability resulting from injuries sustained while he was in the military service for which the military continues to compensate him.

Shepherd was injured in 1943 while serving in the military. He receives periodic disability payments based on a government combined rating of 60%. On December 1, 1979, while employed by defendant Diversa-Cycle Products, Inc., he slipped and fell, injuring his neck. A medical panel appointed by the Industrial Commission rated his prior permanent partial disability attributable to the military injuries at 35% (20% low back, 10% neck and 5% sensory loss resulting from surgery). It found an additional permanent partial disability attributable to the industrial injury of 5%. The adminis-

trative law judge adopted the medical findings and compensated Shepherd for that 5% disability only. The Industrial Commission, in partially granting a motion for review and in an amended order, found that Shepherd was entitled as well to 10% from the Second Injury Fund, inasmuch as he had a 10% prior neck disability and "this area was directly involved in the industrial accident and the condition was substantially worsened as a result of that incident." The Industrial Commission found that Shepherd was compensated for his earlier injuries through a military disability plan and that "common sense would dictate that the same rules precluding double compensation from workmens' compensation should apply for preexisting problems which were fully compensated and were not exacerbated by the industrial accident."

The sole issue before us is whether the Industrial Commission erred when it refused Shepherd compensation from the Second Injury Fund for part of his military disability on the ground that that would constitute double recovery in violation of U.C.A., 1953, § 35–1–69 of the Workers' Compensation Act.

Social dictates are responsible for the creation of the Second Injury Fund. Its main purpose is to make it easier for persons who have sustained previous disability to obtain employment by minimizing the employer's risks in hiring them. *Intermountain Smelting Corp. v. Capitano*, 610 P.2d 334 (Utah 1980); *McPhie v. United States Steel Corp.*, 551 P.2d 504 (Utah 1976). The law in effect at the time of Shepherd's injury governs this case. *Smith v. Industrial Commission*, 549 P.2d 448 (Utah 1976). At the time of Shepherd's injury, the pertinent part of the applicable statute read as follows:

> If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if

he had not had the preexisting incapacity, compensation and medical care, ... shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation and medical care shall be for the industrial injury only and the remainder shall be paid out of the special fund. . . .

U.C.A., 1953, § 35–1–69, as amended.[1]

The language of the statute is clear and all inclusive. No exclusion is stated for an incapacity for which an employee has received settlement annuities, veterans' benefits, or other sums of monies awarded to repair the less-than-whole person as best money can. All that the statute requires is that the employer pay for the portion of the incapacity attributable to the industrial injury, and the remainder shall be paid out of the Special Fund. The "remainder" is that portion of the disability "for which no award can be made in the current proceeding." *David v. Industrial Commission*, 649 P.2d at 84 (Oaks, J., concurring with comments).

Precedent also refutes the Industrial Commission's denial. In *Intermountain Smelting Corp. v. Capitano, supra,* the applicant had been shot in the left leg while in the military service in Korea, for which he was given a 30% disability rating and received $113 per month for life. When he later sustained an industrial injury, the Industrial Commission refused to apportion to the Second Injury Fund any part of the temporary total disability benefits or medical expenses. We reversed and shifted a portion of those expenses from the employer to the Fund, inviting the Industrial Commission to address the legislature for changes in the law it deemed desirable. The 1981 amendment cited in footnote 1 of this opinion soon followed. It prohibited

"double recovery" only where the first recovery was under our industrial compensation laws.

The Industrial Commission concluded that Shepherd was not entitled to any benefits from the Second Injury Fund except for the prior 10% incapacity of the neck as that was directly affected by the subsequent industrial injury. That conclusion of law is not supported by the factual finding that Shepherd suffered a total of 35% prior disability. Section 35–1–69 requires no causal link between the industrial injury and the prior disability, but only that the resulting disability be substantially greater than it would have been but for the previous disability. "Irrespective of any causal connection, the Second Injury Fund is to compensate one who sustains 'permanent incapacity which is substantially greater than he would have incurred if he had not had the preexisting incapacity.'" *Kincheloe v. Coca-Cola Bottling Co. of Ogden,* 656 P.2d 440 (Utah 1982). *See generally Kaiser Steel Corp. v. Industrial Commission,* 709 P.2d 1168 (Utah 1985); *Second Injury Fund v. Streator Chevrolet,* 709 P.2d 1176 (Utah 1985); and *Hall v. Industrial Commission,* 710 P.2d 175 (Utah 1985), reviewing case law in this jurisdiction and again rejecting the need for a causal connection between the industrial injury and the prior disability. All that is needed to apportion compensation awards and medical costs between employers and the Second Injury Fund is (1) permanent incapacity occasioned by accidental injury, disease or congenital causes, followed by (2) subsequent injury resulting in further permanent incapacity which is (3) substantially greater than that which would have been incurred had there been no preexisting incapacity. *U.S. Fidelity & Guaranty*

---

1. This section was amended in 1981 to preclude double recovery for incapacity already compensated for under the Workers' Compensation Act and Utah Occupational Disease Disability Law. "Where the preexisting incapacity ... previously has been compensated for, in whole or in part, as a permanent partial disability under this act or the Utah Occupational Disease Disability Law, such compensation shall be deducted from the liability assessed to the Second Injury

Fund. . . ." U.C.A., 1953, § 35–1–69(1) (Supp. 1981). The reach of that exclusion does not extend to recoveries outside the statutory scheme. *Paoli v. Cottonwood Hosp.,* 656 P.2d 420 (Utah 1982), and *David v. Industrial Comm'n,* 649 P.2d 82 (Utah 1982), relied upon by defendants, both dealt with incapacity already compensated for by workers compensation and are, therefore, inapposite.

*Co. v. Industrial Commission,* 657 P.2d 764 (Utah 1983).

This case is remanded to the Industrial Commission to compensate Shepherd from the Second Injury Fund for all of his prior disability. No costs are awarded.

DURHAM and ZIMMERMAN, JJ., concur.

HALL, C.J., and STEWART, J., dissent.