CITY AND COUNTY OF DENVER AND COLORADO COMPENSATION INSURANCE AUTHORITY, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Subsequent Injury Fund, and Jesse Rodriquez, Respondents.

No. 93CA1393.

Colorado Court of Appeals,
Div. I.

Dec. 29, 1994.

Rehearing Denied Feb. 2, 1995.

The Connell Law Firm, Curt Kriksciun, Paul Tochtrop, Denver, for petitioners.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Subsequent Injury Fund.

No appearance for respondent Jesse Rodriquez.

Opinion by Judge ROY.

Petitioners, the City and County of Denver (Denver) and Colorado Compensation Insurance Authority (Authority), seek review of the final order of the Industrial Claim Appeals Panel (Panel) affirming an award of permanent total disability benefits to Jesse Rodriquez (claimant) without any liability to the Subsequent Injury Fund (SIF) or other offset. We affirm.

Claimant sustained an injury in a motor vehicle accident while he was in military service in 1948 for which he receives disability benefits from the Veterans Administration. After he left military service, he was employed by Denver and suffered several industrial injuries culminating in his admitted permanent total disability in 1986.

The Administrative Law Judge (ALJ) determined that the permanent total disability was due "in substantial part" to the military injury but, because the military injury was not an industrial injury, denied the request for participation by the SIF.

On review, the Panel sustained the findings and conclusions of the ALJ with respect

to the liability of the SIF and further concluded that no offset was available pursuant to § 8–42–103(1)(e), C.R.S. (1994 Cum.Supp.) because the Veterans Administration disability benefits are not "periodic disability benefits" pursuant to "a workers' compensation act of another state or of the federal government...." This appeal followed.

## I.

### Subsequent Injury Fund

■ The petitioners first contend that the military disability is an industrial disability for purposes of imposing liability on the SIF. We disagree.

The statute creating the SIF, § 8–46–101(1)(a), C.R.S. (1994 Cum.Supp.), provides, in pertinent part, as follows:

*In a case where an employee has previously sustained permanent partial industrial disability* and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment, then the employer in whose employ the employee sustained such subsequent injury shall be liable only for that portion of the employee's industrial disability attributable to said subsequent injury, and the balance of compensation due such employee on account of permanent total disability shall be paid from the subsequent injury fund as is provided in this section. (emphasis added)

■ The SIF was established for the *purpose* of encouraging employers to hire partially disabled employees by relieving the employer from full liability in the event the employee becomes permanently and totally disabled. *Climax Molybdenum Co. v. Walter,* 812 P.2d 1168 (Colo.1991). Because of the precise wording of the statute, however, its application is limited to those previous partial disabilities resulting from industrial injuries. *City & County of Denver v. Industrial Commission,* 690 P.2d 199 (Colo.1984); *see also* 2 A. Larson, *Workmen's Compensation Law* § 59.32 (1994).

Veterans Administration disability benefits are payable pursuant to 38 U.S.C. § 1131 (1993) for disabilities suffered or aggravated by service in the "line of duty." There is a presumption that a disability incurred during active military service is in the "line of duty." Actual performance of assigned duties is not a requirement for Veterans Administration disability benefits. *See* 38 U.S.C. §§ 101, 105 (1988). We conclude that the Veterans Administration disability benefits are more akin to a disability insurance policy for members of the military services than to a workers' compensation plan.

■ In *Todd Shipyards Corp. v. Director,* 848 F.2d 125 (9th Cir.1988), the court considered the issue of whether a "credit doctrine" of the Longshore and Harbor Worker's Compensation Act (LHWCA) would permit deduction of a military service disability benefit. *See* 33 U.S.C. § 903(e) (1988). It found that the LHWCA allowed a credit for injuries compensable under other workers' compensation acts but concluded that members of the armed forces are not considered employees, nor are veterans' disability benefits considered to be a form of workers' compensation. We accept and adopt those conclusions.

There is no basis for concluding that the previously existing disability incurred during active military service is a "permanent partial industrial disability" within the meaning of the SIF statute.

Petitioners invite us to follow *Shepherd v. Diversa–Cycle Products, Inc.,* 725 P.2d 1317 (Utah 1986). However, unlike Colorado, Utah's Second Injury Fund covers prior impairments arising "from any cause or origin." Utah Code Ann. § 35–1–69 (1994 Repl.Vol. 4B). Therefore, we decline the invitation. We also disagree with petitioners that *Anderson v. Brinkhoff,* 859 P.2d 819 (Colo. 1993) requires a different result.

The claimant is being currently compensated for that disability attributed by the Veterans Administration to his military service. Therefore, we conclude there is no liability to the SIF for a prior partial military service connected disability.

## II.

### Offset

The petitioners also contend that they are entitled to an offset for the veterans' disability benefits under either § 8–42–103(1)(e) or § 8–42–103(1)(d)(I), C.R.S. (1994 Cum. Supp.). We disagree.

First, § 8–42–103(1)(e) is not applicable because, as we have previously concluded, the veterans' disability benefits are not benefits pursuant to a "workers' compensation act" of another state or the federal government. We likewise conclude that § 8–42–103(1)(d)(I), which provides for an offset for "benefits ... payable to an employee under the provisions of a pension or disability plan financed in whole or in part by the employer," does not include veterans' disability benefits.

After our review of the issues raised in this case, we requested supplemental briefs on the applicability of § 8–42–104(2), C.R.S. (1994 Cum.Supp.). The applicability of this statute was not raised before either the ALJ or the Panel; therefore, upon further review, we have determined that we cannot now consider it. *See Holme, Roberts & Owen v. Industrial Claim Appeals Office,* 800 P.2d 1332 (Colo.App.1990); *Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App.1986). In addition, the application of this section to this case might adversely affect the claimant who is not before us.

Order affirmed.

METZGER and RULAND, JJ., concur.