**Calvin E. DAVID, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH and The Second Injury Fund, Defendants.**

**No. 17398.**

Supreme Court of Utah.

June 30, 1982.

Robert B. Sykes, Salt Lake City, for appellant.

Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Timothy C. Houpt, Salt Lake City, for respondents.

STEWART, Justice:

On June 1, 1977, while employed by McKee Construction Company, plaintiff, Calvin E. David, was struck on the elbow, upper back and shoulder by a roll of wire which fell off a wall. On March 20, 1978, while employed by Jacobsen Construction Company, David suffered a second industrial injury. He was struck in the neck, shoulder and right elbow when a chain came off the ceiling of a dryer at Portland Cement Company. Both accidents caused injury to the cervical spine. Jacobsen Construction Company, and its insurer, Industrial Indemnity Company, paid David temporary total disability compensation for the second accident.

Plaintiff brought this action under Utah Code Ann., 1953, § 35–1–69, seeking compensation from the Second Injury Fund for a 10% permanent partial impairment suffered from a industrial accident. The administrative law judge refused to award compensation from the Second Injury Fund to plaintiff since he had been completely compensated for both his prior and current incapacities and impairments. We affirm.

The administrative law judge found, in conformity with the findings and recommendations of the medical panel, that the applicant had sustained injuries to his spine in both the June 1, 1977, and the March 20, 1978, accidents and that each injury produced a 10% permanent partial whole man impairment. The administrative law judge's order pertaining to the June 1, 1977 accident, states:

IT IS THEREFORE ORDERED that the defendant McKee Construction Company and/or the State Insurance Fund pay applicant compensation at the rate of $112.67 per week for 31.2 weeks or a total of $3,515.30 as compensation for 10% permanent partial disability to the applicant's cervical spine attributable to the accident of June 1, 1977.

IT IS FURTHER ORDERED that defendants pay all medical expenses incurred as the result of this accident; said expenses to be paid in accordance with the Medical and Surgical Fee Schedule of this Commission. Because the applicant sustained a subsequent industrial accident that resulted in an additional 10% permanent partial disability to the applicant's cervical spine, it is assumed that both this accident and the March 20, 1978 accident will contribute equally to any need for further medical treatment. Consequently, the liability of these defendants for future medical expenses will be equal to 50% of the expenses incurred and the remaining 50% will be the liability of Jacobsen Construction Company and/or Industrial Indemnity Company who are liable for the consequences of the March 20, 1978 industrial accident.

The administrative law judge then addressed David's claim based on the March 20, 1978 accident:

IT IS THEREFORE ORDERED that the defendants Jacobsen Construction Company and/or Industrial Indemnity Company pay to applicant the sum of $122.00 per week for 31.2 weeks for a total of $3,806.40 as compensation for 10% permanent partial disability to the applicant's cervical spine resulting from the industrial accident of March 20, 1978.

IT IS FURTHER ORDERED that defendants pay all medical expenses incurred as the result of this accident; said expenses to be paid in accordance with the Medical and Surgical Fee Schedule of this Commission. Because the applicant sustained a prior industrial accident that resulted in an additional 10% permanent disability to the applicant's cervical spine, it is assumed that both this accident and the March 20, 1978 accident will contribute equally to any need for further medical treatment. Consequently, the liability of these defendants for future medical expenses will be equal to 50% of the expenses incurred and the remaining 50% will be the liability of McKee Construction Company and/or State Insurance Fund who are liable for the consequences of the June 7, 1977 industrial accident.

On appeal, David claims that he should have received not only 10% compensation from McKee Construction for the June 1, 1977 injury and 10% compensation from Jacobsen Construction for the March 20, 1978 accident, but also that he is entitled to an *additional* 10% compensation from the Second Injury Fund because the March 20, 1978 accident was found to have resulted "in substantially greater incapacity than the applicant would have incurred but for the prior industrial accident of June 1, 1977."

Defendants contend that payment of an additional 10% by the Second Injury Fund would constitute double payment for an industrial injury. They quote from 2 A. Larsen, Workmen's Compensation Law § 59.32(g):

It has always been accepted without question that the situation to which the Second Injury Fund applies consists of *prior* noncompensable injury followed by and combining with a *subsequent* compensable injury. [Emphasis in original.]

At the time pertinent to this case, Utah Code Ann., 1953, § 35-1-69 read in pertinent part:

35-1-69.—(1) If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, compensation and medical care, which medical care and other related items are outlined in section 35-1-81,

shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation and medical care shall be for the industrial injury only and the remainder shall be paid out of the special fund provided for in section 35–1–68(1) hereinafter referred to as the "special fund." [1]

The purpose of the special fund is to promote the hiring of disabled persons, by excluding an employer from liability for a preexisting injury. *Northwest Carriers v. Industrial Commission*, Utah, 639 P.2d 138 (1981); *Intermountain Smelting Corp. v. Capitano*, Utah, 610 P.2d 334 (1980). However, there is no statutory purpose to be served in allowing what is essentially a double recovery for the same injury.

David has twice been awarded compensation of 10% permanent partial disability from each of the two injuries suffered for a total of a 20% permanent partial disability. Had he not received an award of 10% for the first injury, he would have been entitled to compensation for the instant accident, and for the remainder of the disability based on the pre-existing injury from the second injury fund. But since he was awarded 10% from the first accident, we cannot sustain the contention that David is entitled to that, plus a 20% permanent partial award based on the second injury, with one-half of that, or 10%, attributable to the first accident. There is nothing in this record to support the proposition that the sum of the injuries is greater than the two individual parts.

Affirmed. No costs.

HALL, C. J., and HOWE and DURHAM, JJ., concur.

OAKS, Justice, concurring with comments:

I concur in the Court's opinion, with this additional explanation.

This case turns on the meaning of the word "remainder" in § 35–1–69, quoted in the Court's opinion. This is the amount directed to be paid from the Second Injury Fund. In *McPhie v. Industrial Commission*, Utah, 567 P.2d 153, 155 (1977), we interpreted "remainder" to mean "whatever remains to be paid after the employer has discharged its liability . . . ." That interpretation contemplates the usual circumstance where an employee seeks adjudication of an injury whose effects have been exacerbated by a previously incurred permanent incapacity for which no award can be made in the current proceeding. Such was the case in *Capitano* and *Northwest*, cited in the Court's opinion, and in the cases they cite. That sequence poses the difficult issue treated by the 1981 statutory amendment quoted in footnote 1 of the Court's opinion: Where the employee has already been compensated for the earlier incapacity, good sense and the apparent legislative purpose would preclude a duplicate payment from the Second Injury Fund. But in this case, which must be decided under the pre-1981 legislation, the literal meaning of "remainder" and the language of the *Capitano* opinion, 610 P.2d at 337, lend support to the employee's efforts to obtain such a duplicate payment.

In contrast, this case is not difficult. Here there was no prior incapacity for which no award could be made in the current proceeding. Here the employee was pursuing his claims simultaneously against the earlier employer, McKee, and the later employer, Jacobsen. The same medical report concerned both the earlier and the later injuries. And the Commission fixed the two employers' liabilities simultaneously by a single order. Each employer was held responsible for 50% of the medical expenses and for 50% of the fractional permanent impairment. In that circumstance, there is no "remainder" for which the present "em-

---

1. Under the current amendment of § 35–1–69, amended 1981 Utah Laws ch. 287, § 4, compensation by the Second Injury Fund is expressly excluded for prior compensable injuries: "Where the pre-existing incapacity referred to in subsection (1)(B) of this section previously has been compensated for, in whole or in part, as a permanent partial disability under this act or the Utah Occupational Disease Disability Law, such compensation shall be deducted from the liability assessed to the second injury fund under this paragraph."

ployers" (*see* § 68–3–12(6)) are not liable. Consequently, there is no amount directed to be paid out of the Second Injury Fund. § 35–1–69.

DURHAM, J., also concurs in the concurring comments of OAKS, J.