Terry C. KINCHELOE, Plaintiff,

v.

COCA–COLA BOTTLING COMPANY OF OGDEN and State Insurance Fund, Defendants.

No. 17624.

Supreme Court of Utah.

Nov. 5, 1982.

James R. Hasenyager, Ogden, for plaintiff.

David Eckersley, David L. Wilkinson, Frank V. Nelson, Salt Lake City, for defendants.

HALL, Chief Justice:

This is an action to review an order of the Industrial Commission affirming a decision of an administrative law judge which held that U.C.A., 1953, § 35–1–69 (dealing with the "special fund" or the "second injury fund") was inapplicable to the facts presented.

On February 12, 1980, plaintiff Kincheloe was allegedly injured while lifting a case of soda pop at his place of employment. The injury caused plaintiff significant pain in

his left hip and leg. He was diagnosed as having a herniated disc, which was surgically removed on February 20, 1980.

At the hearing before the law judge on July 10, 1980, plaintiff testified that he had previously injured his back in 1974 while employed in Nebraska. Pain associated with this earlier industrial injury was confined mostly to his right side and leg. At that time, plaintiff received a permanent disability rating of 15% and was compensated for the injury and the time off work. Plaintiff also testified that in December, 1979, he received medical treatment on his left leg following an automobile accident.

Following plaintiff's testimony, defendants moved to dismiss on the ground that the incident in question did not constitute a compensable "accident" within the meaning of the Workmen's Compensation Act.[1] Counsel for defendants also stated as follows:

> In addition to the motion to dismiss on that ground I would request that if the matter is sent to the medical panel that the Second Injury Fund be made a party to any further proceedings on the basis of the preexisting incapacity that the applicant has testified to today.

The law judge thereupon took the matter under advisement, and indicated that it would be sent to a medical panel for evaluation of the medical aspects.

Rather than sending the case to a three-member panel, the law judge appointed Dr. Owen Smoot to make a "single impartial evaluation." Dr. Smoot found, *inter alia,* as follows:

(1) Plaintiff was temporarily totally disabled from February 13 to March 24, 1980.

(2) The permanent physical impairment resulting from the injury of February 12 was 5%.

(3) The percentage of permanent physical impairment attributable to previously existing conditions was 15%.

(4) The total physical impairment resulting from all causes was 20%.

On January 29, 1981, the law judge entered his decision and conclusion that a compensable accident had occurred[2] but that plaintiff was entitled to only 5% permanent partial disability, all of which was to be paid by defendants. The law judge ordered defendants to pay plaintiff as follows: $930.42 (temporary total disability); $2,184 (5% permanent partial disability); and all medical expenses incurred as a result of the accident. It was also ordered that attorney fees in the amount of $475 were to be deducted from the award and paid to plaintiff's attorney.

Thereafter, two separate motions for review were filed with the Industrial Commission. Defendants claimed reimbursement from the second injury fund of 75% of the compensation paid to plaintiff as temporary total disability and medical benefits.[3] The plaintiff also filed a motion for review, contending that he was entitled to a full 20% permanent partial disability, the additional sums being due from the second injury fund pursuant to U.C.A., 1953, § 35–1–69. The Industrial Commission denied both motions for review and affirmed the order of the law judge.

On March 25, 1981, plaintiff filed with this Court a petition for writ of review. Plaintiff filed a brief wherein he contends that under prior pronouncements of this Court he is entitled to a full disability award of 20%. The defendants filed only a "notice of concurrence," wherein they expressed their "agreement with the facts asserted, legal authority presented and entitlement to relief requested by plaintiff."

---

**1.** U.C.A., 1953, § 35–1–45.

**2.** Inasmuch as this finding was not contested by any party on appeal, it will not be discussed herein. *Utah Idaho Central v. Industrial Commission,* 84 Utah 364, 35 P.2d 842 (1934). However, for the most recent pronouncement of this Court on the question see *Sabo's Elec-*

*tronic Service v. Sabo,* Utah, 642 P.2d 722 (1982).

**3.** The computation was apparently that the accident in question contributed only 25% to plaintiff's total disability (5%/20%) and that the second injury fund should be responsible for the balance.

They then indicated that the proper defendant to the allegations raised is the Industrial Commission. The Industrial Commission filed no brief, relying instead on a brief filed in another case involving the second injury fund now pending before this Court.

Plaintiff contends that the case of *Intermountain Smelting v. Capitano*[4] "is directly on point and dispositive of this appeal." In that case, the applicant for workmen's compensation fell and severely injured his right ankle while working on a construction project. The applicant had a pre-existing injury (he had been shot in the left leg while in the military service in Korea) for which he had been given a 30% disability rating and monthly compensation in the amount of $113 for life. A medical panel found that the applicant had sustained a 30% loss of use of his right foot; that the shifting in weight had also adversely affected the use of his left foot; and that the combined effects of both injuries amounted to a loss of bodily function of 25%. The Commission held that of the 25%, 8.5% was attributable to the construction injury and 16.5% to the pre-existing injury, but refused to order a proportional contribution from the second injury fund. On appeal, this Court held that pursuant to statute, the employer is responsible only for the percentage of compensation and medical care which the industrial injury bears to the applicant's total disability; the remainder of the total disability is to be paid out of the second injury fund. We suggested that any recommended change to this law should be addressed to the legislature and not the court.[5]

In disallowing reimbursement from the second injury fund in the instant case, the law judge found as follows:

The Applicant has a 20% permanent physical impairment from all causes and conditions, with 5% being attributable to the injury of February 12, 1980, as stated above, and the remaining 15% being attributable to pre-existing conditions. However, the 15% permanent physical impairment attributable to pre-existing conditions appears to be a restatement of the 15% rating given him in the State of [Nebraska] and not necessarily the rating that would have been given by the Utah Medical Panel on an impartial basis inasmuch as he recovered satisfactorily from that accident. Furthermore, the subsequent injury of February 12, 1980 in which the Applicant sustained a herniated disc on the left side of L5–S1 is unrelated to the prior injury.

▆ Under the reasoning of *Capitano,* the fact that the 1980 injury is unrelated to the 1974 injury is not dispositive. Irrespective of any causal connection, the second injury fund is to compensate one who sustains "permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity."[6]

▆ The law judge's primary reason for disallowing compensation from the second injury fund is, however, proper reasoning for the ruling under the statute. As indicated in the finding quoted *supra,* the law judge found that the assessment of permanent incapacity in the medical evaluation was merely a restatement of the disability rating given after the 1974 Nebraska accident from which plaintiff had satisfactorily recovered. It was not an independent, impartial review of plaintiff's condition at the time. Based on the evidence before him,[7] it was reasonable for the law judge to conclude that plaintiff did not sustain "permanent incapacity which is substantially greater than he would have in-

---

4. Utah, 610 P.2d 334 (1980).

5. In 1981, the legislature did change the law in an apparent attempt to preclude "double recovery" for a pre-existing injury. Inasmuch as the incident here concerned occurred in 1980, we are bound to apply the law as of that date.

6. U.C.A., 1953, § 35–1–69.

7. It is the Commission, and not the medical panel to which a claim is referred, that is to make a decision on the issues in a workmen's compensation proceeding. IGA Food Fair v. Martin, Utah, 584 P.2d 828 (1978). See also, Redman Warehousing Corp. v. Industrial Commission, 22 Utah 2d 398, 454 P.2d 283 (1969).

curred if he had not had the pre-existing incapacity";[8] hence, the second injury fund had no application. The Commission adopted the findings of the law judge, which findings we will not upset because they are supported by substantial evidence and reasonable inferences to be drawn therefrom. As recently announced in *Kaiser Steel Corp. v. Monfredi,*[9] and reaffirmed in *Sabo's Electronic Service v. Sabo,*[10] the scope of review in Industrial Commission cases is limited to:

> [W]hether the Commission's findings are "arbitrary or capricious," or "wholly without cause" or contrary to the "one [inevitable] conclusion from the evidence" or without "any substantial evidence" to support them. Only then should the Commission's findings be displaced.

The Commission's order is hereby affirmed.

STEWART, OAKS and DURHAM, JJ., concur.

HOWE, J., concurs in the result.

---

**8.** U.C.A., 1953, § 35–1–69, *supra,* footnote 6. Where there is evidence to support the award or judgment, it is presumed that the Commission found facts which are in accord therewith. See *Jones v. Industrial Commission,* 90 Utah 121, 61 P.2d 10 (1936), and *American Smelting*

*and Refining Co. v. Industrial Commission,* 79 Utah 302, 10 P.2d 918 (1932).

**9.** Utah, 631 P.2d 888 (1981).

**10.** *Supra,* footnote 2.