**DAY'S MARKET, INC., and State Insurance Fund, Plaintiffs,**

v.

**Calvin MUIR, Second Injury Fund, and Industrial Commission of Utah, Defendants.**

**No. 18684.**

Supreme Court of Utah.

Aug. 16, 1983.

---

Joseph E. Tesch, Heber City, for plaintiffs.

James R. Black, Timothy C. Allen, Frank V. Nelson, Salt Lake City, for defendants.

PER CURIAM:

This case involves the apportionment of responsibility for an industrial injury award between the State Insurance Fund and the Second Injury Fund.

The facts giving rise to the award are not disputed. Calvin Muir was employed as a meat cutter at Day's Market in Heber, Utah. In December, 1980, he was injured in the course of his employment when he slipped and fell while carrying a box of turkeys. He underwent an operation early in January, 1981, and was not released to return to work until May 2, 1981.

Muir has a history of back problems. In 1963, he suffered a ruptured disc while working for a mining company. For this injury he received a 15% permanent partial impairment rating. He apparently had no further major problems with his back until 1976. At that time, he injured his back while working in Day's meat department. The record is unclear as to whether Muir received an industrial compensation for that injury.

Muir filed a claim for the industrial accident of 1980. When the State Insurance Fund denied liability, a hearing was held before an administrative law judge. After taking evidence, the law judge referred the case to a medical panel. The panel examined Muir and found that he was temporarily totally disabled from December 29, 1980 to May 20, 1981. The panel also specifically found as follows:

\*       \*       \*       \*       \*       \*

3) The percentage of a permanent physical impairment attributable to the patient's industrial injuries [in 1980] is 2.5 percent.

4) The percentage of permanent physical impairment attributable to previously existing conditions ... [prior to 1980] is 17.5 percent.

The administrative law judge adopted the panel's findings and held that Muir was entitled to $230 per week for 20 weeks for temporary total disability. Muir was also awarded medical expenses and permanent partial impairment benefits of $153 per week for 7.8 weeks (2.5% of 312 weeks). The law judge then concluded that the State Insurance Fund and the Second Injury Fund were each to pay one-half of all sums awarded.

The State Insurance Fund filed a motion for review with the Industrial Commission, contending that "the apportionment for reimbursement purposes to the State Insurance Fund from the Second Injury Fund is in error." The basic argument is that since pre-existing conditions were responsible for 17.5/20ths of the total impairment, the Second Injury Fund should be responsible for 87.5% of the total award. When the Industrial Commission denied the motion for review and affirmed the order of the administrative law judge, a petition for writ of review was filed in this Court.

At that time the subject accident occurred, U.C.A., 1953, § 35–1–69(1) provided, in part, as follows: [1]

If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, compensation and medical care ... shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation and medical care shall be for the industrial injury only and the remainder shall be paid out of the [second injury] fund ....

1. The statute was amended in 1981.

In recent cases, we have clearly held that the Second Injury Fund is not intended to compensate a claimant for pre-existing impairment for which he or she has already been fully compensated.[2] The Fund's only application is where the current incapacity "is substantially greater than [the employee] would have incurred if he had not had the pre-existing incapacity." This language requires a finding as to the effect the pre-existing incapacity has upon the current incapacity.[3] Findings in the abstract as to the total of pre-existing incapacity are of little assistance in making this determination, since the full responsibility falls upon the current employer (or its insurer) unless it can be said that the current incapacity is substantially greater than it would have been "but for" the pre-existing incapacity.

In *Kincheloe v. Coca-Cola Bottling Co.,* Utah, 656 P.2d 440 (1982), the medical evaluation indicated that the applicant had a 20% permanent physical impairment for all causes and conditions, with 5% being attributable to the current injury and the remaining 15% being attributable to the pre-existing conditions. The administrative law judge found that the assessment of permanent incapacity in the medical evaluation was merely a restatement of the disability rating given after an earlier accident from which the applicant had satisfactorily recovered. This Court affirmed the Commission's disallowance of compensation from the Second Injury Fund since the finding as to current incapacity "was not an independent, impartial review of [the applicant's] condition at the time."

In the instant case, the Commission found that the permanent physical impairment attributable to Muir's current injury is 2.5%. The Commission did not, however, fulfill its statutory obligation[4] of determining whether such impairment is substantially greater than it would have been in the absence of pre-existing incapacity. The case is therefore remanded for a determination as to the effect the pre-existing incapacity had upon the current injury. Depending upon that determination, the Second Injury Fund may or may not have application, as explained in this opinion.

*So ordered.*

---

**2.** *Paoli v. Cottonwood Hospital,* Utah, 656 P.2d 420 (1982); *David v. Industrial Commission,* Utah, 649 P.2d 82 (1982).

**3.** *U.S. Fid. & Guar. Co. v. Industrial Commission,* Utah, 657 P.2d 764 (1983).

**4.** *U.S. Fid. & Guar. Co. v. Industrial Commission, supra* note 3.