**SECOND INJURY FUND, Plaintiff,**

v.

**PERRY'S MILL AND CABINET SHOP and/or State Insurance Fund, Ralph C. Lamoreaux, and the Industrial Commission of Utah, Defendants.**

**No. 19551.**

Supreme Court of Utah.

June 28, 1984.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for plaintiff.

Arthur Sandack, Fred R. Silvester, Salt Lake City, for defendants.

STEWART, Justice:

The Second Injury Fund appeals an Industrial Commission order which appor-

---

**2.** Pursuant to the sanctions provided by Rule 37(b)(2)(C), Utah Rules of Civil Procedure.

tioned permanent total disability payments between the Second Injury Fund and the State Insurance Fund. We affirm.

Ralph Lamoreaux began working for Perry's Mill and Cabinet Shop in 1947. At some point during his employment with Perry's Mill, he developed a degenerative back condition, and a degenerative condition in both shoulders.

In 1973, Lamoreaux injured his back in an industrial accident. The State Insurance Fund, the insurance carrier for Perry's Mill and Cabinet Shop, admitted liability for a 20% permanent partial impairment and paid Lamoreaux permanent partial disability benefits. In 1975, a cabinet fell on Lamoreaux's right shoulder and ruptured his biceps tendon. Although he obtained medical treatment, he sought no compensation for that injury.

In 1979, Lamoreaux again injured his back. In 1981, Lamoreaux applied for workmen's compensation based on the 1979 back injury. Pursuant to U.C.A., 1953, § 35-1-69, a medical panel reviewed the case and determined Lamoreaux's total physical impairment to be 38%. Thirty-one percent of the impairment was attributable to conditions that arose prior to the 1979 back injury. The medical panel apportioned those prior impairments as follows:

| | Whole man Impairment | Combined Partial Man Impairment |
|---|---|---|
| Ruptured biceps tendon in right shoulder (due to 1975 injury) | 3% | |
| Degenerative condition of back | 20% | 22% |
| Degenerative condition of right shoulder | 6% | 27% |
| Degenerative condition of left shoulder | 6% | 31% |

In sum, Lamoreaux's pre-existing conditions constituted a 31% physical impairment, leaving him a 69% whole man for rating purposes. His 1979 back injury was a 10% impairment of the 69% whole man, which combined with his prior impairment rating (i.e., 6.9% + 31%) to make a 38%

permanent partial impairment. *See Jacobsen Construction v. Hair,* Utah, 667 P.2d 25 (1983).

Testimony at the hearing before the administrative law judge indicated that Lamoreaux would not be able to return to work. Based on that testimony, and a Division of Vocational Rehabilitation report stating that Lamoreaux was not a candidate for rehabilitation, the administrative law judge ruled that Lamoreaux was totally and permanently disabled. Pursuant to U.C.A., 1953, § 35-1-67, the judge ordered permanent total disability payments of $165 per week for 312 weeks, for a total award of $51,480. The order apportioned 30/39 or 77% of the liability for the award to the State Insurance Fund, and 9/39 or 23% to the Second Injury Fund. The administrative law judge held that the State Insurance Fund was liable for the 20% impairment produced by the 1973 back injury and the 10% impairment due to the 1979 injury. The Second Injury Fund was held liable for the remainder.

The Industrial Commission granted a motion for review, and adjusted the percentages to reflect the medical panel's findings. It ordered the Second Injury Fund to pay 31/38 or 82% of the total disability benefits and the State Insurance Fund to pay 7/38 or 18% of the benefits. The Second Injury Fund challenges that result.

The Second Injury Fund's liability is defined by U.C.A., 1953, § 35-1-69, which states:

If any employee who has previously incurred a permanent incapacity by accidental injury, disease, or congenital causes, sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity which is substantially greater than he would have incurred if he had not had the pre-existing incapacity, compensation and medical care ... shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation and medical care shall be for the industrial

injury only and the remainder shall be paid out of the [Second Injury Fund]. The statutory term "permanent incapacity by accidental injury, ... or congenital causes" includes all of Lamoreaux's pre-existing conditions.[1]

*Northwest Carriers, Inc. v. Industrial Commission*, Utah, 639 P.2d 138 (1981), established the proper method for apportioning permanent total disability awards between employers or their insurers and the Second Injury Fund under § 35–1–67. In that case, one worker had suffered a 68% total combined impairment, 65% due to the industrial injury for which he sought compensation, and 3% due to an earlier impairment. A second worker had suffered a 55% combined impairment, 40% attributable to the industrial injury, and 15% due to a prior industrial injury. We held that the Second Injury Fund was responsible for the proportion that the pre-existing physical impairment bore to the total combined impairment. Thus, the Second Injury Fund was liable for 3/68 of the disability benefits in the first case, and for 15/55 of the benefits in the second case.

In the instant case, the Commission correctly applied the *Northwest Carriers* rule and held the Second Injury Fund liable for the proportion that the pre-existing impairments bear to the total combined impairment, i.e., 31/37.

The Second Injury Fund argues that since Perry's Mill was the employer at the time of the 1973 accident, and admitted liability for the permanent partial compensation paid for that accident, Perry's Mill or its insurer should continue to be liable for the proportion of the permanent total disability benefits attributable to the combined impairment, i.e., 20%. This argument goes directly against the language of § 35–1–69, which establishes the scope of the Second Injury Fund's liability, and against the oft-stated purpose of the Second Injury Fund to encourage employers "to retain an injured or disabled employee after an injury without the risk of further liability for payment of compensation and medical expenses should a subsequent injury occur." *United States Fidelity & Guarantee Co. v. Industrial Commission*, Utah, 657 P.2d 764, 767 (1983). *See also McPhie v. Industrial Commission*, Utah, 567 P.2d 153, 155 (1977).

Although Perry's Mill continued to be liable for the 1973 injury to whatever extent Lamoreaux might have been entitled to additional benefits, Perry's Mill was not liable to the extent to which the 1973 injury increased the incapacity caused by the 1979 injury. *See* § 35–1–69; *United States Fidelity & Guarantee Co., supra.*

Affirmed.

HALL, C.J., and HOWE and DURHAM, JJ., concur.

OAKS, J., having resigned, does not participate herein.

---

**1.** But see *David v. Industrial Commission*, Utah, 649 P.2d 82, 84 n. 1 (1982).