**Pam FESLER, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION of the State of Utah; Robintino's and/or Transamerica Insurance, Defendants.**

**No. 19876.**

Supreme Court of Utah.

May 15, 1985.

James A. Boevers, Gordon Strachan, Salt Lake City, for appellants.

K. Allan Zabel, Salt Lake City, for respondent.

HALL, Chief Justice:

Plaintiff challenges a decision of the Industrial Commission denying her compensation coverage for future chiropractic treatment of an industrial injury.

Fesler was employed as a waitress at Robintino's restaurant. In January 1983, she slipped on a wet floor while carrying a bucket of ice and wrenched her back. Soon thereafter, she went to see Dr. Stephen F. Kesler, a chiropractor. Dr. Kesler diagnosed her condition as a lumbosacral strain for which he treated her with physical therapy and manipulation. To meet the requirements of Rule 31 of the Industrial Commission Rules and Regulations, Practitioners of the Healing Arts, Workmen's Compensation Cases,[1] Dr. Kesler prepared

---

**1.** Rule 31 provides:

It is recognized that there is a field of industrial accident injuries which is within the scope of chiropractic and naturopathic treatment. It is also recognized that there is a field of industrial accident injuries which is outside the field of chiropractic treatment; for example, the chiropractic physician shall

not perform operative surgery or prescribe drugs or medicine as defined elsewhere in the laws of the State of Utah. The chiropractic physician or naturopathic physician shall comply with all rules and regulations of the Industrial Commission of Utah.

In the event that fifteen (15) treatments are necessary and before further treatments are

a supplemental report of his treatment of Fesler after her sixteenth visit to him.[2] In the report, Dr. Kesler estimated that twelve to fifteen further treatments would be necessary.

Upon receiving its copy of Dr. Kesler's report, Transamerica Insurance (Transamerica) advised both Fesler and Dr. Kesler that it refused to pay for further chiropractic services. Transamerica also advised Fesler that "[w]e are willing to have you see Dr. A.F. Martin or Dr. Gary Larsen, both of which [sic] are well-known orthopedic surgeons." Fesler attempted to see Dr. Larsen, but was referred instead to Dr. J. Lynn Smith. She saw Dr. Smith three times while continuing to see Dr. Kesler.

Dr. Smith also diagnosed Fesler's condition as a lumbosacral strain, for which he prescribed an anti-inflammatory drug and exercises. Fesler testified that on her third visit to Dr. Smith, he advised her that there was nothing more he could do for her; that he was unable to prescribe an alternative method of treatment; that she should continue to perform the exercises; and that her condition was like a cold or flu, for which there was no cure, but that if the problem persisted, she should obtain additional medical care. Dr. Smith filed a report with the industrial commission, stating it was unknown whether Fesler would have any permanent injury as a result of the industrial accident. Fesler further testified she was dissatisfied with the treatment she had received from Dr. Smith. On the other hand, the treatment she had received from Dr. Kesler had relieved her pain from the injury. Dr. Kesler testified that further chiropractic treatment was warranted.

After the hearing, the administrative law judge ordered Transamerica to pay for all of the chiropractic care Fesler received before Transamerica's denial of liability, finding that Dr. Kesler's services to that point "were neither unwarranted nor patently extensive and therefore constitute reasonable treatment." The administrative law judge further found:

As to the necessity for further medical or chiropractic treatment, there is no apparent reason for such other than the fact that Mrs. Fesler continues to have back problems of a nondisabling nature and Dr. Kesler believes that she would benefit from additional chiropractic treatment. Although the Applicant might well feel better as a result of further chiropractic treatment and therapy, the Administrative Law Judge believes such would be more palliative than curative and that time itself should resolve her problems, if indeed, her problems consist of no more than lumbosacral strain as presently indicated.

Based on this reasoning, the administrative law judge denied worker's compensation benefits to Fesler for further chiropractic treatment. The commission adopted the findings of the administrative law judge and affirmed his order which denied further treatment.

Plaintiff contends the order of the industrial commission is contrary to uncontradicted evidence in the record that further chiropractic treatment was necessary to treat her industrial injury. Plaintiff further contends the commission improperly relied on the opinion of a nonchiropractic physician and on judicial notice of matters outside the record.

given, the chiropractic or naturopathic physician shall mail to the Industrial Commission, the patient, and the insurance carrier or self-insurer a supplemental form which shall update the information in the initial Form 123 Rev. The Supplemental Form shall contain a statement as to the exact progress of the case and an estimate at the end of each succeeding fifteen (15) treatments, additional forms shall likewise be timely filed [sic].

Failure to mail the supplemental form as required, in the event said failure is deter-

mined by the Industrial Commission, State of Utah, shall absolve the insurance carrier or self-insurer from any liability for payment of treatments given after the time the supplemental form should properly have been mailed.

2. The commission found that the report was mailed in substantial compliance with Rule 31. This finding is not challenged on appeal.

The material facts of this matter are not in dispute. The only testimony offered at the hearing was that of Fesler and Dr. Kesler. Fesler testified that it was Dr. Smith's medical opinion that her condition would not necessarily resolve itself with time and that the need to continue with his previously prescribed treatment might endure the rest of her life.

Dr. Kesler's undisputed testimony was that since Fesler's condition had not resolved itself, further chiropractic treatment was indicated as a means of ascertaining the degree of permanence associated with her injury:

> I feel like the time since the accident and the time under care have not adequately given her an opportunity to resolve her problems before a determination of a permanent injury could be made. And so my conclusion is that she certainly should be offered the opportunity to have conservative care.

Dr. Kesler was also of the opinion that Fesler's condition would continue to improve with further chiropractic treatment.

It was, therefore, apparent that Fesler in fact continued to suffer from back problems attributable to lumbosacral strain and that Dr. Smith and Dr. Kesler simply differed in their views as to the method of treatment necessary to resolve the problems.

The administrative law judge appropriately found that Fesler continued to suffer as the result of the lumbosacral strain and that she might feel better with further chiropractic treatment. Nevertheless, he denied further chiropractic treatment by reason of his personal belief that such treatment would be more palliative than curative and that time itself would resolve her problems.

The conclusions reached by the administrative law judge, and adopted by the Commission, are not supported by substantial evidence [3] and in fact are contrary to the specific findings that Fesler continued to suffer back problems attributable to the lumbosacral strain and that she "might" feel better with further chiropractic treatment. Furthermore, they are contrary to the uncontradicted, competent evidence of the need for continued chiropractic treatment.

U.C.A., 1953, § 35–1–81 (Supp.1983) provides "[i]n addition to the compensation provided for in this title the employer or the insurance carrier shall also be required to pay such reasonable sum for medical, nurse and hospital services ... as may be necessary to treat the patient as in the judgment of the industrial commission may be just." Thus, under the facts of this case, Fesler was reasonably entitled to receive benefits for further treatment of her industrial injury, and the decision of the commission to the contrary was arbitrary and capricious and in excess of its authority.[4]

We reverse and remand for the purpose of entering an order authorizing further treatment in accordance with U.C.A., 1953, § 35–1–81 and this opinion.

STEWART and ZIMMERMAN, JJ., and LEONARD H. RUSSON, District Judge, concur.

HOWE, J., concurs in the result.

DURHAM, J., having disqualified herself, does not participate herein; RUSSON, District Judge, sat.

3. *Kincheloe v. Coca-Cola Bottling Co.,* Utah, 656 P.2d 440, 442–43 (1982).

4. *Id.*