**VEYO CONCRETE PRODUCTS, INC., and State Insurance Fund, Plaintiffs,**

v.

**INDUSTRIAL COMMISSION OF UTAH, and Second Injury Fund, Defendants.**

No. 19272.

Supreme Court of Utah.

Nov. 20, 1985.

James R. Black, Salt Lake City, Utah for plaintiffs.

David L. Wilkinson, Atty. Gen., Salt Lake City, Utah Frank V. Nelson, Asst. Atty. Gen., Gilbert Martinez, Salt Lake City, for Second Injury Fund.

Stephen W. Julien, Cedar City, for defendants.

ZIMMERMAN, Justice:

This is an appeal by Veyo Concrete, the employer of the injured party, and the State Insurance Fund, Veyo's insurer (hereinafter jointly referred to as "appellants"), from an order of the Industrial Commission refusing to direct the Second Injury Fund (the "Fund") to reimburse appellants for a proportion of the medical expenses and temporary total disability payments made to the injured employee following an injury he suffered while working for Veyo. We reverse the Commission's order.

Because the injured employee is not an active party to this appeal and the only issue presented is whether the appellants are entitled to reimbursement from the Fund, the facts pertinent to deciding this appeal are few. One Frederick Paulus was employed by Veyo in 1978 when the truck he was driving blew a tire. He was thrown from the vehicle and pinned under the rear axle. As a result, he required extensive medical treatment and was unable to work for a period of time. His employer, Veyo, and/or its insurer, the State Insurance Fund, paid the medical expenses incurred and the temporary total disability awarded. A medical panel later determined that of the 13 percent whole-man disability assigned to Paulus after the accident, 7/13ths was attributable to injuries existing prior to the accident. The panel also found that the 1978 industrial accident did not aggravate the preexisting injuries and that the disabilities attributable to the 1978 accident injuries were not otherwise made greater by the preexisting injuries.

The administrative law judge adopted these findings. He then looked to section

35-1-69 of the Code to determine whether the facts necessitated reimbursement. That section, as it existed at the time of the injury in 1978, provided that the Second Injury Fund is liable only if it is shown that the industrial injury resulted "in a permanent incapacity which is substantially greater than the claimant would have incurred if he had not had the pre-existing incapacity." The administrative law judge reasoned that since the preexisting injuries had not made that portion of Paulus' incapacity attributable to the 1978 industrial accident greater than it would have otherwise been, the standard had not been met. He therefore denied the employer and the insurer reimbursement. The Commission declined to disturb this ruling, and the employer and the insurer appealed.

Initially, it is important to note what this case does *not* involve: there is no question here of whether the injured employee should be able to rely upon unrelated preexisting impairments to increase the amount of his permanent disability award. The employee is not even an active party to this appeal. Therefore, the Commission's approach to determining permanent disability awards is not before this Court.

This case involves only a dispute between the employer's insurance company and the Second Injury Fund. As a consequence of an industrial injury, the employee incurred medical expenses. He also was unable to work for a period of time and was awarded temporary total disability by the Commission. No portion of the medical expenses or the time off from work that resulted in the disability award was caused by the employee's preexisting impairments. Yet the employer and its insurer now seek to recover from the Fund an amount equal to the proportion of the employee's total disability rating that is attributable to his preexisting impairments. The Fund claims that it should not contribute anything.

In the abstract, there seems little reason to permit an employer or its insurer to recover from the Fund any portion of medical expenses and temporary total disability payments that are entirely unrelated to the employee's preexisting impairments. However, that question is no longer open in Utah under the pre-1981 law. The matter was settled in *Intermountain Smelting Corp. v. Capitano*, Utah, 610 P.2d 334 (1980). There we held that under almost identical facts, the Fund did have to pay the employer. *Id.* at 336-37. We recognized that one could legitimately differ with our construction of the statute, but suggested that if the Fund did not like the result, it should address its concerns to the legislature, "whose function and prerogative it is to make changes or clarifications in the law." *Id.* at 337. It appears that the legislature attempted to change this result in 1981 when it added the third paragraph of section 35-1-69(1) to the statute. U.C.A., 1953, § 35-1-69(1) (Supp.1985). However, because the law applicable to any particular case is determined by the date of injury, the instant case is governed by the pre-1981 law, and we are bound to follow *Capitano.*[1]

The Fund argues on appeal that in *Day's Market, Inc. v. Muir*, Utah, 669 P.2d 440 (1983), this Court abandoned the additive analysis of *Capitano* and our earlier cases and adopted a causal connection requirement, which was applied by the administrative law judge here. This position has been advocated by the Fund for some time, but never received any support from this Court until some unfortunate dictum found its way into our *per curiam* opinion in *Day's Market.* Since then, the Fund has repeatedly paraded that dictum before this Court in an attempt to persuade us to modify earlier inconsistent precedents. This we firmly refuse to do, as our decisions in *Chavez v. Industrial Commission*, Utah, 709 P.2d 1168 (1985), and *Second Injury Fund v. Streator Chevrolet*, Utah, 709 P.2d 1176 (1985), make plain. That dictum is now laid to a well-deserved rest.

1. In *American Coal Co. v. Sandstrom*, Utah, 689 P.2d 1 (1984), this Court concluded that the legislature's attempt to change the result in *Cap-* *itano* had been imperfectly executed. Notwithstanding *American Coal*, the result in *Capitano* is no less debatable now than it was in 1977.

The decision of the Commission is reversed and the case remanded for an award of reimbursement.

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.