REX E. LANTHAM CO., and/or Utah
State Insurance Fund, Plaintiffs
and Appellants,

v.

The INDUSTRIAL COMMISSION OF
UTAH and the Second Injury Fund,
Defendants and Respondents.

No. 19694.

Supreme Court of Utah.

March 7, 1986.

James R. Black, Salt Lake City, for plaintiffs and appellants.

Gilbert Martinez, David L. Wilkinson, Atty. Gen., Frank V. Nelson, Stephen G. Schwendiman, Salt Lake City, for defendants and respondents.

STEWART, Justice:

In this case, the Utah State Insurance Fund (State Insurance) challenges an order of the Industrial Commission which held the Second Injury Fund not liable for compensation paid to a worker who suffered an industrial accident in the course of his em-

ployment for which he had already been compensated. Once again we are requested to interpret and apply U.C.A., 1953, § 35–1–69.[1]

Thomas L. Hansen injured his back December 2, 1980, while employed by appellant Rex E. Lantham Co. A medical panel found that Hansen had sustained a severe back injury and was temporarily totally disabled. State Insurance, the insurance carrier for Lantham, paid $6,721 in medical expenses for treating Hansen's back injury, $13,701 for temporary total disability benefits for loss of time from work while he recovered, and $4,730 as an advance on a permanent partial disability compensation.

At a hearing before an administrative law judge, Hansen sought a higher permanent partial disability rating than State Insurance was willing to pay, and State Insurance sought to shift part of its liability to the Second Injury Fund on the ground that Hansen had suffered a prior eye injury in an industrial accident in Idaho. He had been receiving permanent partial disability compensation for the eye injury from his Idaho employer. The administrative law judge found that Hansen's right eye was "functionally lost." On July 13, 1983, the law judge ordered an apportionment of Hansen's compensation benefits between State Insurance and the Second Injury Fund. The actual apportionment, however, was deferred until the ultimate impairment was established.

After State Insurance filed a motion for review challenging the order directing apportionment, the law judge entered an amended order on August 17, 1983, which (1) fixed the final allocation of liability between the Fund and State Insurance, (2) ordered the Fund to make reimbursement to State Insurance, (3) changed the temporary total disability period, and (4) reduced the amount of attorney's fees previously awarded. Pursuant to this order, Hansen was held to have a permanent partial impairment rating of 39%, 24% of which was attributable to the prior eye injury, and a 20% whole man impairment computed as 15% partial man impairment from the subsequent injury.

On August 25, 1983, the Second Injury Fund filed a motion for review of the amended order asserting that it could not be held liable for any expenses, unless a pre-existing incapacity caused a substantially greater incapacity from an industrial accident than would have occurred but for the pre-existing incapacity. State Insurance objected to the timeliness of the Second Injury Fund's motion on the ground that it addressed only those substantive matters dealt with in the July 13, 1983 order and was untimely.

The Industrial Commission granted the motion for review pursuant to U.C.A., 1953, § 35–1–82.53,[2] and entered an amended order rescinding all portions of the prior orders imposing liability on the Second Injury Fund. The Industrial Commission based its ruling on *Day's Market, Inc. v. Muir,* Utah, 669 P.2d 440 (1983) (per curiam), and the law judge's finding that there was no direct physical relationship between the back injury and the prior eye injury.

## I.

State Insurance first contends that the motion for review, which resulted in the Commission's reversing the trial judge, was not timely filed. The Industrial Commission has the authority to review administrative law judge orders if an aggrieved party files a motion for review. § 35–1–82.53. All motions for review must be filed within fifteen days after the date of a law judge's order, and if a motion for review is

1. U.C.A., 1953, § 35–1–69 was amended in 1981. However, the applicable law is that in existence at the time of the occurrence. *Kaiser Steel Corp. v. Industrial Commission,* Utah, 709 P.2d 1168, 1171 n.1 (1985); *Utah Construction Co. v. Matheson,* Utah, 534 P.2d 1238, 1239 (1975).

Since Hansen's injury occurred in 1980, we apply the pre-1981 version of section 35–1–69.

2. U.C.A., 1953, § 35–1–82.53 allows for the administrative law judge to reopen a case, amend a prior order, or refer the case to the Commission.

not timely filed, the law judge's order and award are final and become the award of the Commission. U.C.A., 1953, § 35–1–82.-55 (Supp.1985).

■ However, a law judge's order that only states generally that liability shall be apportioned between the insurance carrier and the Second Injury Fund, without specifying the percentages for which each shall be liable, is an interlocutory order only and does not start the time running for the filing of a motion for review. The Fund's motion for review was filed within fifteen days of the August 17, 1983 order. That was the order which established the percent of liability attributable to the Fund and to State Insurance. Therefore, the Fund's motion for review was timely filed.

## II.

State Insurance next contends that the Commission erred in rescinding the portions of prior orders concerning the Second Injury Fund's liability. It disputes the Commission's finding that the incapacity resulting from the back injury was not substantially greater because of the prior eye injury. The finding was based on the administrative law judge's ruling that there was no direct physical relationship between the prior eye injury and the subsequent back injury,[3] and dicta from *Day's Market v. Muir*, Utah, 669 P.2d 440 (1983) (per curiam).

■ We have rejected numerous times the proposition that to meet the "substantially greater" test of U.C.A., 1953, § 35–1–69, a claimant must prove a physical or causal relationship between the pre-existing incapacity and the industrial injury. *Hall v. Industrial Commission*, Utah, 710

P.2d 175, 178 (1985); *Kincheloe v. Coca-Cola Bottling Co.*, Utah, 656 P.2d 440, 442 (1982); *Intermountain Smelting Corp. v. Capitano*, Utah, 610 P.2d 334 (1980). Rather, it is sufficient if the claimant's incapacity resulting from the industrial injury is "substantially greater than he would have incurred if he had not had the pre-existing incapacity." § 35–1–69. Resulting incapacity is "substantially greater than he would have incurred if he had not had the pre-existing incapacity" if the resulting incapacity from *all causes combined* is substantially greater than that resulting solely from the industrial injury. *Kerans v. Industrial Commission*, 713 P.2d 49, 25 Utah Adv.Rep. 42, 45–46 (1986); *Kaiser Steel Corp. v. Industrial Commission*, Utah, 709 P.2d 1168 (1985).[4]

■ Once it is determined that an applicant's incapacity meets the "substantially greater" test, the literal wording of section 35–1–69 requires that the Second Injury Fund pay an amount of *all* expenses which is equal to the proportion of the applicant's total incapacity which is attributable to the pre-existing injury. *Veyo Concrete Products, Inc. v. Industrial Commission*, Utah, 710 P.2d 172 (1985); *Intermountain Smelting Corp. v. Capitano*, Utah, 610 P.2d 334, 337 (1980).

■ Since the Commission's order was based on the erroneous premise that the "substantially greater" test requires a physical relationship between the pre-existing incapacity and the industrial injury, the Commission's order must be vacated. Hansen is not entitled to additional compensation for the eye injury itself, because he has already been compensated for that injury by his Idaho employer. *Day's Mar-*

---

**3.** The Findings of Fact and Conclusions of Law of the administrative law judge stated:

It is conceded that the applicant's preexisting nonindustrial visual problem in his right eye has no direct relationship whatsoever to his low back problem....

. . . .

The Administrative Law Judge can find no basis for finding the applicant's industrial injury resulted in substantially greater incapacity than he would have incurred if he had not

had the preexisting eye impairment other than to recognize the significance of the mathematical combining of the two impairments. There is obviously no physical relationship.

**4.** To the extent that *Second Injury Fund v. Perry's Mill and Cabinet Shop*, Utah, 684 P.2d 1269 (1984), and *Northwest Carriers, Inc. v. Industrial Commission*, Utah, 639 P.2d 138 (1981), could be construed to suggest a different standard, they are disavowed.

**258**

*ket, Inc., v. Muir,* Utah, 669 P.2d 440, 442 (1983); *Paoli v. Cottonwood Hospital,* Utah, 656 P.2d 420 (1982); *David v. Industrial Commission,* Utah 649 P.2d 82 (1982). However, the Second Injury Fund is liable to State Insurance for the amount of Hansen's medical expenses and temporary total disability benefits equal to the proportion of his total incapacity attributable to the pre-existing eye injury.

Reversed and remanded for further proceedings.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

HOWE, J., concurs in the result.