**DAY'S MARKET, INC., State Insurance Fund, Plaintiffs,**

v.

**Calvin MUIR and Second Injury Fund, Defendants.**

No. 19782.

Supreme Court of Utah.

May 7, 1986.

David L. Wilkinson, Atty. Gen., Frank Nelson, Asst. Atty. Gen., Salt Lake City, for Indust. Com'n.

Susan B. Diana, Salt Lake City, for State Ins. Fund.

Gilbert Martinez, Salt Lake City, for Second Injury Fund.

Joseph E. Tesch, Heber City, for Muir.

DURHAM, Justice:

This is an action to determine whether a workers' compensation award should be apportioned between the State Insurance Fund and the Second Injury Fund. The case was first tried before an administrative law judge, who apportioned the award equally between the two funds. The State Insurance Fund appealed that decision to this Court, arguing that the Second Injury Fund should have paid a larger share of the award. This Court did not reach the merits of that issue, but remanded for a factual determination of whether the claimant's current incapacity was substantially greater than it would have been if there had been no preexisting incapacity, a prerequisite that must be met before the Second Injury Fund may be required to contribute anything to the payment of an award. *Day's Market v. Muir*, Utah, 669 P.2d 440 (1983).

Upon remand, the administrative law judge found that the claimant's current incapacity was not substantially greater than it would have been but for the preexisting incapacities and, therefore, declined to order any additional apportionment of the compensation award. The State Insurance Fund now appeals that determination.

■ The claimant in this case had a 17.5 percent permanent incapacity before the industrial accident which gave rise to this litigation. He had previously been compensated for 15 percent of that incapacity by earlier workers' compensation awards. It was conceded that he had not received any compensation for the other 2.5 percent of his preexisting incapacity. The injuries from the current industrial accident resulted in an additional 2.5 percent incapacity, for a total permanent partial disability rating of 20 percent. The administrative law judge, on remand, found that "a 2.5% increase in the current incapacity of the applicant is not substantially greater than it would have been 'but for' the pre-existing incapacity." This analysis was erroneous, although undertaken in reliance on some ambiguous language in our *Day's Market* opinion. We have recently made clear in *Kaiser Steel Corp. v. Industrial Commission*, Utah, 709 P.2d 1168 (1985), that "Second Injury Fund liability is imposed, not when the second injury itself caused a 'substantially greater' incapacity, but when the worker's total incapacity following the second injury is 'substantially greater' than it would have been but for the preexisting incapacity." *Id.* at 1170. Therefore, since a 20 percent permanent partial incapacity is substantially greater than a 2.5 percent one under the standards applicable before the 1981 amendments to the statute, the Second Injury Fund must contribute an appropriate share of the award.

■ The issue remaining in this case is a determination of the share the Second Injury Fund must pay. Under U.C.A., 1953, § 35–1–69, the second employer pays a sum in proportion to the disability caused by the second accident, which in this case is 2.5/20 of the permanent partial award. Since 15/20 of the claimant's permanent partial disability has already been paid, the Second Injury Fund must pay the uncompensated remainder, which is 2.5/20 of the permanent partial award.

■ However, the division in the medical expenses and the temporary total disability benefits should be in the ratio of 17.5/20 for the Second Injury Fund and 2.5/20 for Day's Market. This is in accordance with section 35–1–69(1), which at the time of the accident provided, in pertinent part:

If any employee who has previously incurred a permanent incapacity ... sustains an industrial injury for which compensation and medical care is provided by this title that results in permanent incapacity ..., compensation and medical ... shall be awarded on the basis of the combined injuries, *but the liability of the employer for such compensation and medical care shall be for the industrial injury only* and the remainder shall be paid out of the special fund provided for in section 35–1–68.

(Emphasis added).

Section 35–1–69 makes the second employer liable only for the medical expenses and temporary total disability benefits in proportion to the disability sustained by the worker in the second accident. Thus, Day's Market pays 2.5/20 of the medical expenses and the temporary total disability benefits, while the "remainder," which is 17.5/20, must be borne by the Second Injury Fund. This result is consistent with

*Intermountain Smelting Corp. v. Capitano,* Utah, 610 P.2d 334 (1980), where the worker had been previously injured in the Army and compensated for that injury. When he sustained his second accident in private employment, the Court held that the "employer is responsible only for the percentage of compensation and medical care which the injury occurring in his employment bears to the applicant's total disability." *Capitano,* at 337.

Remanded for further proceedings consistent with this opinion.

HALL, C.J., and STEWART, HOWE and ZIMMERMAN, JJ., concur.